# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                                 )
THOMAS U. KENNEY, on Behalf of Himself and       )
a Class of Persons Similarly Situated            )
                                                 )
              Plaintiff,                          )
                                                 )          Civil Action
       v.                                         )          No. 09-10750-PBS
                                                 )
STATE STREET CORPORATION, et al.                 )
                                                 )
              Defendants.                         )
_____)

## DEFENDANTS' REPORT FOR APRIL 29 SCHEDULING CONFERENCE

Defendants submit this report in anticipation of the Scheduling Conference set for April 29, 2010 at 2:30 p.m.

In short, the deposition of the plaintiff (taken Monday) has made it clear that the remaining claim in this case is ripe for dismissal.  Plaintiff's counsel is preparing an amended complaint.  Because there are no viable claims before the Court, defendants believe that that Court should set a schedule for filing the amended complaint and for briefing on a motion to dismiss.  Discovery should not go forward until the Court determines whether any viable claims have been pleaded.

More specifically:

1.     On March 15, 2010, the Court (Docket No. 56) dismissed without prejudice all of plaintiff's claims except for one: negligent misrepresentation based on a sentence in an attachment to a Form 8-K filed by State Street on October 15, 2008.

2.      Reliance is an element of this claim.   *See Mauser v. Raytheon*, 239 F.3d 51, 59 (1st Cir. 2001) (where plan participant asserts disclosure violation based on a document, "relief is only appropriate if the participant demonstrates significant or reasonable reliance on" it).[1]

3.      At his deposition on Monday plaintiff confirmed that he did not rely on the Form 8-K.  Indeed, he testified that he *has never read* it.  *See* Transcript of Deposition of Thomas U. Kenney ("Tr.") at 83:21-24 ("Q: Did you read that 8-K?   A: Absolutely not.").

4.      Accordingly, Mr. Kenney cannot pursue the remaining claim in the existing complaint, and it is ripe for dismissal.

5.      Plaintiff's counsel has informed defendant that they are preparing an amended complaint, and that they will be in a position at the status conference to inform the parties and the Court as to when it will be ready.

6.      Defendants request briefing on the motion to dismiss as follows: (i) defendants' motion within 30 days of filing of the amended complaint; (ii) plaintiff's opposition within 30 days of service of defendants' motion; and (iii) defendants' reply within 30 days of service of plaintiff's opposition.

7.      Defendants request that there be no discovery in this case until the Court determines that the amended complaint states a viable claim.  It makes no sense to do discovery with respective the remaining claim of the existing complaint, because it is subject to dismissal. Neither is it a productive use of the resources of the parties or the Court to permit discovery to proceed on the forthcoming amended complaint until the Court determines whether any claims in it will survive.

---

[1] *See also, e.g., Davis v. First Union Corp. Long Term Disability Plan*, 213 F. Supp. 2d 29, 35 (D. Mass. 2002) (rejecting ERISA breach of fiduciary duty claim based on an SPD's failure to disclose where plaintiff could not "show and has not attempted to show, reliance on the SPD")*; Skinner v. Northrop Grumman Ret. Plan B*, 2010 U.S. Dist. LEXIS 6591 (C.D. Cal. Jan. 26, 1010) (collecting additional cases holding that reliance is required).

DEFENDANTS,

By their attorneys,

   */s/William H. Paine*           
Jeffrey B. Rudman (BBO No. 433380)
William H. Paine (BBO No. 550506)
John J. Butts (BBO No. 643201)
Timothy Perla (BBO No. 660447)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
timothy.perla@wilmerhale.com

Dated: April 28, 2010

## CERTIFICATE OF SERVICE

William H. Paine hereby certifies that this document filed through the ECF system will

be sent electronically to the registered participants as identified on the Notice of Electronic Filing

(NEF) dated April 28, 2010.

    */s/ William H. Paine*          

US1DOCS 7524708v1