# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS U. KENNEY, on Behalf of Himself and a Class of Persons Similarly Situated,<br><br>                     Plaintiff,<br><br>    v.<br><br>STATE STREET CORPORATION; NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION; ALISON QUIRK; PAMELA GORMLEY; ROSS MCLELLAN; DAVID O'LEARY; SKIP CURTRELL; JAYNE DONAHUE; DAVID GUTSCHENRITTER; JAMES MALERBA; STATE STREET CORPORATION INVESTMENT COMMITTEE; AND JOHN DOES 1-10<br><br>                     Defendants. | Civil Action No.<br>1:09-CV-10750 (PBS) |

## PLAINTIFF'S REPORT FOR APRIL 29 CONFERENCE

Thomas U. Kenney ("Plaintiff") hereby respectfully submits this report in anticipation of the Scheduling Conference set for April 29, 2010 at 2:30 and in response to some statements made in Defendants' Report for April 29 Scheduling Conference.

1.    Defendants appear to be amenable to Plaintiff filing a Second Amended Complaint. If it is agreeable with the Court, Plaintiff will file a Second Amended Complaint no later than May 7, 2010.  Plaintiff believes the Proposed Second Amended Complaint will address the issues noted by the Court in its March 15, 2009 decision which dismissed the prudence claim but sustained a misrepresentation claim related to a statement made by State Street in a Form 8-K filed on October 15, 2008.  With respect to a schedule for a motion to dismiss, Plaintiff is agreeable to the schedule proposed by Defendants.

2.     Plaintiff believes that as per the Court's March 15, 2010 decision there is presently a viable claim, that Mr. Kenney's deposition provided no grounds to believe otherwise and thus there is no reason to delay discovery.  Plaintiff served a document request on Defendants on or about March 18, 2010 and Defendants served their objections and responses on or about April 18, 2010.  While there were categories of documents which Defendants did not agree to produce any documents, there were categories in which Defendants did agree to produce documents.  It is believed that the reason that Defendants did not agree to produce documents in some categories was because they believed that the documents relate only to a prudence claim.

3.     At Plaintiff's request, the parties engaged in an in person "meet and confer" on April 26, 2010 at which time various objections and responses were discussed in an effort to resolve any disagreements about the parties' views of appropriate discussion.  While no agreements were reached, there was clarification on a number of issues and it appeared that a dialogue would be ongoing.

4.     Defendants base their position despite their being no motion before the Court, that discovery should not proceed at this time on the proposition that reliance is an element of the claim.  While Defendants cite *Mouser v. Raytheon*, 239 F.3d (1st Cir. 2001), to suggest that Mr. Kenney was required actually to have read the Form 8-K, *Mouser* involved a much different fact pattern. It involved a situation where an employee stated he was expecting certain funds to be deposited in his retirement account because of a certain supposed change to structure and supposedly the employee relied on that and engaged in all kinds of lavish personal expenditures for himself and his family.  That is a lot different from a case such as in *In re Tyco International Ltd. Multidistrict* Litigation, 2006 U.S. Dist. LEXIS 58278 (D.N.H. 2006), which is analogous to this case, where a public company was charged by a pension plan participant to have made a

misrepresentation about the business. In *Tyco*, defendants opposed class certification, in part, because defendants asserted that each ERISA Plaintiff would have to prove actual reliance. 2006 U. S. Dist. LEXIS 58278, at *26-27. Judge Barbardoro rejected that assertion finding that the presumption of reliance found in *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972), not only applied in securities class actions but applied in ERISA cases too. *Id*. The court stated, "the logic of *Affiliate Ute* lends itself equally well to a claim like plaintiffs' misrepresentation count because it would be 'practically impossible' for plaintiffs to prove that they relied on information that was never provided to them." *Id*. While not excusing reliance as an element of the claim, Judge Barbardoro in certifying an ERISA class, stated that, "The proposed class representatives and the members of the class alike will likely prove reliance by demonstrating that the allegedly withheld facts were material." 2006 U.S. Dist. LEXIS 58278 at *27-28.[1]

5.      There has been limited discovery in this case up to this point in that Plaintiff has produced the documents that he had related to the Plan or his investment in the Plan and Defendants have produced Plan Documents and materials from their files related to Mr. Kenney's participation in the Plan and materials from Mr. Kenney's personnel file. Plaintiff believes it is appropriate for discovery of Defendants related to the underlying remaining claim commence forthwith and that after the Second Amended Complaint is filed that document production related to the Second Amended Complaint commence and that the parties continue a process of meeting and conferring to reach agreements on the scope of production.[2]

---

[1] Even if direct reliance were required, Defendants reference to one question and answer from Mr. Kenney's deposition transcript does not resolve the question of whether there was direct reliance by him.

[2] Plaintiff also served a subpoena on Ernst & Young, State Street's outside auditor. Ernst & Young has objected to all 20 categories of documents requested and has agreed to produce no documents. Plaintiff's counsel intends to contact Ernst & Young's counsel for a meet and confer

6. Plaintiff believes it would be appropriate to file a class certification motion 30 days after a ruling on the motion to dismiss the second amended complaint so that if the contours of the class or the claims change as a result of the Court's ruling that could be reflected in the motion. Any opposition to the motion for class certification could be filed 30 days after the motion is filed and Plaintiff would file a reply 30 days later.

Dated: April 28, 2010

    Respectfully submitted,

**TODD & WELD, LLP**
Kevin T. Peters
28 State Street
Boston, MA  02109
Tel: (617) 720-2626
Fax: (617) 227-5777

**STULL, STULL & BRODY**

By: /s/ Mark Levine
Edwin J. Mills
Mark Levine
Michael J. Klein
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**MAJOR KHAN, LLC**
Major Khan
20 Bellevue Street
Weehawken, NJ  07086
Tel: (646) 546-5664
Fax: (646) 546-5755

*Counsel for Plaintiff*

---

conference to attempt to resolve Ernst & Young's objections. To the extent that the objections can not be satisfactorily resolved, Plaintiff will seek the assistance of the Court.

**Certification of Service**

I, Mark Levine, certify that a true copy of the above document was served upon the attorney of record for each party via ECF.

Dated: April 28, 2010

By: /s/ Mark Levine<br>Mark Levine