UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS U. KENNEY, on Behalf of           :
Himself and a Class of Persons Similarly
Situated,                                :

        Plaintiff,                       :

    v.                                   :     Civil Action
                                               No. 09-10750-PBS
STATE STREET CORPORATION;                :
NORTH AMERICA REGIONAL BENEFITS
COMMITTEE OF STATE STREET                :
CORPORATION; ALISON QUIRK; PAMELA
GORMLEY; ROSS MCLELLAN; DAVID            :
O'LEARY; SKIP CURTRELL; JAYNE
DONAHUE; DAVID GUTSCENRITTER;            :
JAMES MALERBA; STATE STREET
CORPORATION INVESTMENT                   :
COMMITTEE; and JOHN DOES 1-10,
                                         :
        Defendants.
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## OBJECTIONS OF NON-PARTY
## ERNST & YOUNG LLP TO SUBPOENA DUCES TECUM

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, Ernst & Young

LLP ("E&Y"), which is not a party to the above-captioned action, hereby objects to the

subpoena duces tecum issued in this matter on plaintiff's application, dated April 8, 2010 (the

"Subpoena"). (A copy of the Subpoena is attached hereto as Exhibit A.)

## GENERAL OBJECTIONS AND RESPONSES

1.      E&Y objects to the Subpoena on the ground that plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party.

2.      E&Y objects to the Subpoena to the extent it calls for the production of documents that are within the possession, custody and control of parties to this action, and/or calls for the production of documents from E&Y without any showing that the burden of searching for, locating and producing such documents should be borne by a non-party. It is E&Y's understanding that discovery between the parties has recently commenced and that documents and information have not yet been produced; accordingly, third party discovery is premature and unnecessarily burdensome at this time.

3.      E&Y objects to the Subpoena to the extent it is overly broad and seeks the production of documents and information that are not relevant to plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an October 15, 2008 press release, or the defenses thereto. In addition, all documents relating to the October 15, 2008 press release, which is not alleged to be the subject of any involvement by E&Y, should be in the possession, custody or control of the parties to this action and can be obtained from them.

4.      E&Y objects to the time period specified in the Subpoena, which is overly broad, would subject non-party E&Y to undue burden and expense, and calls for the production of documents that are not relevant to plaintiff's sole remaining claim, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence.

5.     E&Y objects to the Subpoena to the extent it calls for the production of documents containing confidential and proprietary information of E&Y in the absence of an appropriate stipulation and order governing the production of confidential information and limiting the use of any documents and information produced by E&Y solely to this action.

6.     E&Y objects to the Subpoena to the extent it seeks the production of documents protected from disclosure by the accountant-client privilege and confidentiality, the attorney-client privilege, the self-evaluative privilege, the work product doctrine and/or any other duty of confidentiality, privilege or protection.  Given the overly broad nature of the Subpoena, E&Y is unable to provide at this time descriptive information regarding each of its claims to privilege and work-product protection.

7.     E&Y objects to the Subpoena to the extent it seeks the production of documents that are not with E&Y's possession, custody and control.

8.     E&Y objects to the Subpoena to the extent it exceeds the scope of permissible discovery and/or seeks to impose obligations and duties upon non-party E&Y that are different from or beyond those imposed under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts.

9.     E&Y objects to the definition of "Ernst & Young," which purports to include "Ernst & Young Global Limited and its member firms and the partners, employees, directors and agents of such member firms," because that definition includes within its scope separate legal entities which are not under the control of E&Y, it includes individuals and entities that are not relevant to the plaintiff's sole remaining claim, and it renders each request in which it is used ambiguous, overly broad, and unduly burdensome.  E&Y reads the term "Ernst & Young" in the Subpoena to refer to, and E&Y responds on behalf of, Ernst & Young LLP.

3

10.     E&Y objects to the definition of "State Street" and "Company" on the grounds that it is vague, overly broad, unduly burdensome, and includes individuals and entities that are not relevant to the plaintiff's sole remaining claim. E&Y reads the terms "State Street" and "Company" in the Subpoena to refer to State Street Corporation.

11.     E&Y objects to the definitions of "communications," "concerning" and "documents" on the grounds that they are overly broad, unduly burdensome, and seek disclosures beyond those required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. E&Y reads those terms in the Subpoena in accordance with the definitions set forth in Local Rule 26.5(C).

12.     E&Y objects to the definition of "Individual Defendants" on the grounds that it is vague, overly broad, unduly burdensome, and includes individuals and entities that are not relevant to the plaintiff's sole remaining claim. E&Y reads the term "Individual Defendants" to refer to Alison Quirk, Pamela Gormley, Ross McClellan, David O'Leary, Skip Cutrell, Jayne Donahue, David Gutschenritter and James Melerba.

13.     E&Y objects to Instruction Nos. 2, 3, 6 and 7, to the extent that they are vague, overly broad, unduly burdensome, harassing and oppressive, and call for the production of documents and information that are neither relevant to the plaintiffs' sole remaining claim, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence. E&Y further objects to Instruction Nos. 2, 3, 6 and 7 on the ground that they exceed the scope of permissible discovery and/or seek to impose obligations and duties upon non-party E&Y that are different from or beyond those imposed under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts.

4

14.     E&Y objects to the Subpoena, and to Instruction Nos. 9, 11 and 12, to the extent they would require E&Y to search backup tapes or drives, deleted data, or legacy data from obsolete systems for responsive documents. These types of media are not reasonably accessible and would entail undue burden and expense to restore and search. E&Y also objects to any request that would require E&Y to suspend the routine operation of its electronic information systems.

15.     E&Y objects to the use of the word "all" and the phrase "all documents" in the Subpoena because, in light of the phrasing of the document requests in the Subpoena, the use of that terminology results in requests that do not describe with reasonable particularity the documents requested and are overly broad, vague and unduly burdensome.

16.     E&Y objects to the Subpoena to the extent it implies or presupposes that the documents requested constitute "all" documents that existed during the relevant time period. E&Y makes no representation as to whether the documents currently in its possession, custody, or control constitute "all" documents that existed during such time, and E&Y does not purport to have knowledge of "all" documents that are the subject of each request.

17.     E&Y has included the objections herein because the Subpoena, as phrased, are subject to those objections. However, plaintiff should not assume, merely because E&Y has asserted a particular objection, that documents exist that E&Y would have produced in the absence of that objection.

18.     E&Y reserves the right to supplement or alter its objections and responses to the Subpoena at any time.

5

## SPECIFIC OBJECTIONS AND RESPONSES

Each of the following specific objections to the Subpoena is subject to and incorporates the General Objections listed above. The assertion of same, similar or additional specific objections below does not waive any of E&Y's General Objections. Subject to and without waiving the General Objections, E&Y further objects to each of plaintiff's document requests in the Subpoena as follows:

## DOCUMENT REQUEST NO. 1:

All communications with the Company concerning governmental filings, including, but not limited to, 11-K, 10-K, 10-KA, 10-Q, and 8-K Forms, filed with the SEC, and all related exhibits, schedules, attachments thereto, public releases, statements, minutes/transcripts of analyst meetings, or prepared statements by State Street directors, officers or other Company spokesperson(s) to the extent that they relate to the Conduits.

## RESPONSE TO DOCUMENT REQUEST NO. 1:

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 1 on the grounds that it calls for the production of documents that are within the possession, custody and control of parties to this action (see, e.g., Defendants' Responses And Objections To Plaintiffs' First Request For Production Of Documents, Response to Request No. 4), and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party. E&Y further objects to this request on the grounds that it is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an

6

October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 2:**

All documents relating to the asset quality of State Street's Conduit program and State Street's investment portfolio.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 2 on the ground that the term "asset quality" is vague and ambiguous. E&Y further objects to this request as extremely overbroad and unduly burdensome. In addition, E&Y objects to this request on the grounds that it calls for the production of documents that are within the possession, custody and control of parties to this action (see Defendants' Responses And Objections To Plaintiffs' First Request For Production Of Documents, Response to Request No. 6), and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party.

**DOCUMENT REQUEST NO. 3:**

All documents relating to any disruptions in the liquidity of the Conduit program's short-term debt or asset-backed securities.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 3 on the ground that the phrase "disruptions in the liquidity" is vague and ambiguous. E&Y further objects to this request on the grounds that it is overly broad and unduly burdensome. In addition, E&Y objects to this request on the grounds that it calls for the production of documents that are within the possession, custody and control

of parties to this action (see Defendants' Responses And Objections To Plaintiffs' First Request

For Production Of Documents, Response to Request No. 8), and plaintiff has failed to fulfill his

obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-

party.

**DOCUMENT REQUEST NO. 4:**

All documents relating to any contractual back-up liquidity State Street provided

to the Conduits.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

E&Y reasserts its General Objections, which are incorporated herein by reference.

E&Y further objects to Document Request No. 4 on the ground that the category of documents

requested is extremely vague and ambiguous. E&Y further objects to this request on the ground

that it is overly broad and unduly burdensome. In addition, E&Y objects to this request on the

grounds that it calls for the production of documents that are within the possession, custody and

control of parties to this action (see Defendants' Responses And Objections To Plaintiffs' First

Request For Production Of Documents, Response to Request No. 10), and plaintiff has failed to

fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on

a non-party.

**DOCUMENT REQUEST NO. 5:**

All documents relating to the level of demand for the Conduit's commercial paper

financing.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

E&Y reasserts its General Objections, which are incorporated herein by reference.

E&Y further objects to Document Request No. 5 on the ground that the category of documents

8

requested is extremely vague and ambiguous. E&Y further objects to this request on the grounds that it is overly broad and unduly burdensome, and calls for the production of documents that are neither relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence. In addition, E&Y objects to this request on the grounds that it calls for the production of documents that are within the possession, custody and control of parties to this action (see Defendants' Responses And Objections To Plaintiffs' First Request For Production Of Documents, Response to Request No. 11), and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party.

## DOCUMENT REQUEST NO. 6:

All documents relating to the credit ratings of the underlying assets of the Conduits and State Street's investment portfolio.

## RESPONSE TO DOCUMENT REQUEST NO. 6:

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 6 to the extent that it is duplicative of Document Request No. 2. E&Y further objects to this request as extremely overbroad and unduly burdensome. In addition, E&Y objects to this request on the grounds that it calls for the production of documents that are within the possession, custody and control of parties to this action (see Defendants' Responses And Objections To Plaintiffs' First Request For Production Of Documents, Response to Request No. 12), and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party.

**DOCUMENT REQUEST NO. 7:**

Documents concerning the asset backed commercial paper conduits that State Street sponsored, including without limitation, documents concerning asset quality, application of accounting rules, profit/loss models, and unrealized conduit losses.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 7 on the grounds that it is extremely vague and ambiguous, particularly in its use of the terms "asset quality" and "application of accounting rules," and it appears to be duplicative, at least in part, of Document Request Nos. 2 and 6. E&Y further objects to this request on the grounds that it is extremely overbroad and unduly burdensome, and calls for the production of documents that are neither relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence. In addition, E&Y objects to this request on the grounds that it calls for the production of documents that are within the possession, custody and control of parties to this action (see Defendants' Responses And Objections To Plaintiffs' First Request For Production Of Documents, Response to Request No. 13), and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party.

**DOCUMENT REQUEST NO. 8:**

All documents relating to the contractual arrangements between State Street and the Conduits in effect during the Relevant Period and any communications regarding any consideration of modifying those arrangements.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 8 on the grounds that it calls for the production of documents that are within the possession, custody and control of parties to this action (see Defendants' Responses And Objections To Plaintiffs' First Request For Production Of Documents, Response to Request No. 17), and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party. E&Y further objects to this request for "all documents relating to" the stated subject matter as extremely overbroad and unduly burdensome, and calls for the production of documents that are neither relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 9:**

All communications between Ernst & Young and State Street regarding the level of risk of the Conduit program and State Street's investment portfolio.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 9 on the ground that the term "level of risk" is

11

vague and ambiguous. E&Y further objects to this request on the grounds that it calls for the production of documents that are within the possession, custody and control of parties to this action (see Defendants' Responses And Objections To Plaintiffs' First Request For Production Of Documents, Response to Request No. 18), and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party. In addition, E&Y objects to this request on the grounds that it is overly broad and unduly burdensome, and calls for the production of documents that are neither relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 10:**

All documents concerning any assessment as to whether any of the unrealized losses incurred by the Conduits were required to be reported on State Street's financial statements.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 10 on the ground that the category of documents requested is vague and ambiguous. E&Y further objects to this request as extremely overbroad and unduly burdensome, and calls for the production of documents that are neither relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an October 15, 2008 press release, or the defenses thereto, nor

reasonably calculated to lead to the discovery of admissible evidence. In addition, E&Y objects to this request on the grounds that it calls for the production of documents that are within the possession, custody and control of parties to this action, and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party.

**DOCUMENT REQUEST NO. 11:**

All documents concerning State Street's consolidation for financial reporting purposes, effective as of May 15, 2009, of the Conduits, including, but not limited to, the reasons for the consolidation and any analysis performed by any entity in connection with that consolidation.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 11 on the ground that it calls for the production of documents that are neither relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence. E&Y further objects to the request on the grounds that it is vague, extremely overbroad and unduly burdensome, particularly to the extent it calls for "all documents" concerning "any analysis performed by any entity."  In addition, plaintiff has failed to make any showing under Fed. R. Civ. P. 45(c) that the burden and expense of searching for, locating and producing such documents should be borne by a non-party.

**DOCUMENT REQUEST NO. 12:**

All documents concerning any consideration of State Street's consolidation for financial reporting of the Conduits on State Street at any time.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 12 on the ground that the term "any consideration" is extremely vague and ambiguous. E&Y further objects to this request on the ground that it is extremely overbroad and unduly burdensome, particularly to the extent it purports to seek the production of "all documents" concerning the stated subject matter "at any time." E&Y further objects to this request to the extent it is duplicative of Request No. 11. In addition, E&Y objects to this request on the ground that it calls for the production of documents that are neither relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 13:**

All documents concerning the possible increase in the volatility of State Street's net interest revenue in connection with the Conduits.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 13 on the ground that the category of documents requested is extremely vague and ambiguous. E&Y further objects to this request to the extent

14

that it calls for the production of documents that are within the possession, custody and control

of parties to this action, and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P.

45(c), to avoid imposing undue burden or expense on a non-party.  In addition, E&Y objects to

this request on the grounds that it is overly broad, unduly burdensome, and calls for the

production of documents that are neither relevant to the plaintiff's sole remaining claim

following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's

negligent misrepresentation claim concerning statements by State Street Corporation in an

October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the

discovery of admissible evidence.

**DOCUMENT REQUEST NO. 14:**

        All documents concerning changes in the composition of the assets on State

Street's consolidated balance sheet and the possibility that it may be required to change the

manner in which it funds those assets.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

        E&Y reasserts its General Objections, which are incorporated herein by reference.

E&Y further objects to Document Request No. 14 on the ground that the category of documents

requested is extremely vague and ambiguous.  E&Y further objects to this request to the extent

that it calls for the production of documents that are within the possession, custody and control

of parties to this action, and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P.

45(c), to avoid imposing undue burden or expense on a non-party.  In addition, E&Y objects to

this request on the grounds that it is overly broad, unduly burdensome, and calls for the

production of documents that are neither relevant to the plaintiff's sole remaining claim

following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's

negligent misrepresentation claim concerning statements by State Street Corporation in an

October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the

discovery of admissible evidence.

## DOCUMENT REQUEST NO. 15:

All documents concerning communications with the Individual Defendants

regarding the Conduits.

## RESPONSE TO DOCUMENT REQUEST NO. 15:

E&Y reasserts its General Objections, which are incorporated herein by reference.

E&Y further objects to Document Request No. 15 on the grounds that it calls for the production

of documents that are within the possession, custody and control of parties to this action, and

plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue

burden or expense on a non-party.  E&Y further objects to this request on the grounds that it is

overly broad, unduly burdensome, and calls for the production of documents that are neither

relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order,

dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning

statements by State Street Corporation in an October 15, 2008 press release, or the defenses

thereto, nor reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST NO. 16:

All documents concerning the valuation of Conduits assets.

## RESPONSE TO DOCUMENT REQUEST NO. 16:

E&Y reasserts its General Objections, which are incorporated herein by reference.

E&Y further objects to Document Request No. 16 to the extent that it appears to be duplicative

of several other requests.  E&Y further objects to this request on the grounds that it is overly

broad, unduly burdensome, and calls for the production of documents that are neither relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence.   In addition, E&Y objects to this request to the extent that it calls for the production of documents that are within the possession, custody and control of parties to this action, and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party.

**DOCUMENT REQUEST NO. 17:**

All documents concerning consideration of a reserve, allowance or loss contingency for potential or actual impairment of value of any of the Conduits or their assets.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 17 on the ground that the entire request is extremely vague and ambiguous.  E&Y further objects to this request on the grounds that it is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence.  E&Y further objects to this request on the ground that plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party.

**DOCUMENT REQUEST NO. 18:**

All documents concerning the creation, maintenance and propriety of the Conduit structure and the treatment of the Conduits by State Street for financial reporting purposes.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 18 on the ground that the categories of documents requested are extremely vague and ambiguous. E&Y further objects to this request to the extent that it calls for the production of documents that are within the possession, custody and control of parties to this action, and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid imposing undue burden or expense on a non-party. In addition, E&Y objects to this request on the grounds that it is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant to the plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by State Street Corporation in an October 15, 2008 press release, or the defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 19:**

All documents concerning communications with the Board with respect to the Conduits.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

E&Y reasserts its General Objections, which are incorporated herein by reference. E&Y further objects to Document Request No. 19 on the grounds that it calls for the production of documents that are within the possession, custody and control of parties to this

action, and plaintiff has failed to fulfill his obligations, under Fed. R. Civ. P. 45(c), to avoid

imposing undue burden or expense on a non-party.  E&Y further objects to this request on the

grounds that it is overly broad, unduly burdensome, and calls for the production of documents

that are neither relevant to the plaintiff's sole remaining claim following the Court's

Memorandum and Order, dated March 15, 2010 (Docket 56), i.e., plaintiff's negligent

misrepresentation claim concerning statements by State Street Corporation in an October 15,

2008 press release, or the defenses thereto, nor reasonably calculated to lead to the discovery of

admissible evidence.

## DOCUMENT REQUEST NO. 20:

All communications with the SEC concerning the Conduits.

## RESPONSE TO DOCUMENT REQUEST NO. 20:

E&Y reasserts its General Objections, which are incorporated herein by reference.

E&Y further objects to Document Request No. 20 on the ground that it is overly broad and

unduly burdensome, and calls for the production of documents that are neither relevant to the

plaintiff's sole remaining claim following the Court's Memorandum and Order, dated March 15,

2010 (Docket 56), i.e., plaintiff's negligent misrepresentation claim concerning statements by

State Street Corporation in an October 15, 2008 press release, or the defenses thereto, nor

reasonably calculated to lead to the discovery of admissible evidence.

Dated:   April 27, 2010                                          Respectfully submitted,
         Boston, Massachusetts

                                                                 Thomas J. Dougherty (BBO #132300)
                                                                 Kara E. Fay (BBO #638260)
                                                                 SKADDEN, ARPS, SLATE,
                                                                    MEAGHER & FLOM LLP
                                                                 One Beacon Street
                                                                 Boston, Massachusetts 02108
                                                                 (617) 573-4800

                                                                 Steven Weiser
                                                                 Associate General Counsel
                                                                 ERNST & YOUNG LLP
                                                                 5 Times Square
                                                                 New York, New York 10036
                                                                 (212) 773-1402

                                                                 Counsel for Ernst & Young LLP

## Certificate Of Service

        I, Thomas J. Dougherty, hereby certify that on April 27, 2010, I caused a true
copy of the foregoing Objections Of Non-Party Ernst & Young LLP To Subpoena Duces Tecum
to be served by overnight delivery, postage prepaid, upon Mark Levine, Stull, Stull & Brody, 6 E.
45th Street, New York, New York 10017.

Dated:  April 27, 2010

                                                                 Thomas J. Dougherty

Exhibit A

**Issued by the**
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
——————————————————X
THOMAS U. KENNEY, on Behalf of     :
Himself and a Class of Persons Similarly  :
Situated,                          :
                                   :        1:09-cv-10750
           Plaintiff,              :
      v.                           :        SUBPOENA
                                   :
STATE STREET CORPORATION;          :
NORTH AMERICA REGIONAL             :
BENEFITS COMMITTEE OF STATE        :
STREET CORPORATION; ALISON         :
QUIRK; PAMELA GORMLEY; ROSS        :
MCLELLAN; DAVID O'LEARY; SKIP      :
CURTRELL; JAYNE DONAHUE; DAVID     :
GUTSCHENRITTER; JAMES MALERBA;     :
STATE STREET CORPORATION           :
INVESTMENT COMMITTEE; and JOHN     :
DOES 1-10                          :
                                   :
           Defendants.             :
——————————————————X
```

TO: Ernst & Young
    200 Clarendon Street
    Boston, MA 02116

   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

> YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | . |

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   All documents set forth on Schedule A attached hereto.

APR-13-2010 11:00 From:ERNST & YOUNG LLP    617 585 0720    To:0320418101035499100  P.2/15

| TODD & WELD, LLP<br>28 State Street<br>Boston, MA 02109 | DATE AND TIME<br>May 10, 2010<br>10:00 a.m. |
|---|---|
| | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_Mark Levine_ Attorney for Plaintiff | DATE<br>April  8, 2010 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Mark Levine, Stull, Stull & Brody, 6 E. 45th Street, New York, NY 10017 (212) 687-7230 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Following Pages)

## PROOF OF SERVICE

| | DATE |
|---|---|
| PLACE | |

SERVED

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production of inspection unless commanded to appear for deposition, hearing or trial.

    (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written

objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

         (i)   fails to allow reasonable time for compliance;
         (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or
         (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
         (iv)  subjects a person to undue burden.

   (B)   If a subpoena

         (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information; or
         (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
         (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

   (1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.      The term "State Street" or "Company" means State Street Corporation, its predecessors, successors, parents, subsidiaries, divisions, affiliates, or anyone acting or purporting to act on its behalf, including any of its respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives

2.      The term "Board" means the board of directors of State Street.

3.      The term "communications" refers to any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made or attempted to be made, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, electronic messages (including electronic-mail, text messages, instant messages, and Company intranet, electronic bulletin board or Internet site posting) and other understandings between two or more Persons.  The term "communications" specifically includes, but is not limited to, any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail, telegram, overnight delivery, telephone, facsimile or telex.

4.      The term "Plan" refers to the State Street Salary Savings Program.

5.      The term "Conduit" means the four multi-seller asset-backed commercial paper programs sponsored by State Street for which State Street provided at least between 2007 and 2009 administrative services to for which it earned fees that generally represented the residual earnings of the Conduits after the payment of interest on

outstanding commercial paper and other fees to independent third parties, as further explained by Note 12 of State Street's Form 10-K for the year ended December 31, 2008.

6.      The term "concerning" means regarding, relating to, pertaining to, referring to, describing, evidencing, constituting, reflecting, showing, comprising, considering, discussing, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part. Requests for documents "concerning" any subject matter include documents concerning communications regarding that subject matter.

7.      The term "Defendants" refers to State Street and all of the Individual Defendants both individually and collectively.

8.      The term "documents" means documents whether fixed in tangible medium or electronically stored on disk or tape. The word "documents" shall include, by way of example and not by way of limitation, all of the following: papers, correspondence, trade letters, envelopes, memoranda, telegrams, cables, notes, messages, electronic-mails ("e-mails"), text messages, instant electronic messages, reports, studies, press releases, comparison, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, corporate minutes, orders, resolutions, agendas, memorials or notes of oral communications, whether by telephone or face-to-face, contracts, agreements, drafts of or proposed contracts or agreements, memoranda of understanding, letters of intent, deal memoranda, transcriptions of audio or video recordings, computer tapes, computer diskettes or disks,

2

or any other tangible thing on which any handwriting, typing, printing, photostatic, electronic or other form of communication or information is recorded or reproduced, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not.

9.    The term "Individual Defendants" refers to Alison Quirk, Pamela Gormley, Ross McLellan, David O'Leary, Skip Curtell, Jayne Donahue, David Gutschenritter and James Melerba, both individually and collectively, as well as to each of their agents, representatives and attorneys.

10.    The term "meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

11.    The term "or" should be construed as disjunctive and conjunctive, and "any" and "all" as used herein shall include "each" and "every." Similarly, the singular includes the plural, and vice versa.

12.    The term "person" means any individual, corporation, partnership, firm, association, government agency or other organization recognizable at law, and its agents and employees.

13.    The term "SEC" means the United States Securities and Exchange Commission.

14.    The term "Ernst & Young" refers to Ernst & Young Global Limited and its member firms and the partners, employees, directors and agents of such member firms.

15.    The pronouns "You" or "Your" refer to Ernst & Young.

3

## INSTRUCTIONS

1.      Pursuant to Rule 45 of the Federal Rules of Civil Procedure all documents produced for inspection shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to the categories in the particular Documents Requests. Documents attached to one another shall not be separated for production, the sequence of the documents shall not be disturbed from the condition in which they are normally kept and all folders and containers for the documents shall be produced as well as the documents in the folders and containers.

2.      You are requested to produce all documents within your possession, custody, or control, including without limitation documents in storage or in the possession of your professional or business advisors, such as your attorneys, investigators, brokers, investment advisors, and accountants, or in the possession of your or their agents, employees, or representatives.

3.      Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

4.      Any alteration of a requested document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final document. is a separate and distinct document and it should be produced.

4

5.    If you object to any of the definitions or instructions, state your objection(s) in your response and indicate whether you are complying with the direction or instruction in spite of your objection. If your objection goes to only part of a request, produce all documents which do not fall within the scope of your objection.

6.    If a document responsive to these requests was at any time in Your possession, custody or control but now is no longer available for production, as to each such document state the following information:

> Whether the document is missing or lost;
>
> Whether it has been destroyed;
>
> Whether the document has been transferred or delivered to another person or entity and, if so, at whose request;
>
> Whether the document has been otherwise disposed of; and
>
> The circumstances surrounding the disposition of the document and the date of the document's disposition.

7.    The documents produced in response to these requests should be segregated and clearly marked or labeled as to the specific request to which such documents are responsive and being produced. Otherwise, such documents shall be produced as they are kept in the usual course of business, including a production of the files from which such documents are taken, along with all other documents residing in those files.

8.    Documents not otherwise responsive to these discovery requests shall be produced if such documents mention, discuss, refer to or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar materials.

9.      Without in any way limiting the definition of "document" contained in the

Federal Rules of Civil Procedure or herein, you are specifically instructed to search all

document management systems, computer archives, and/or backup tapes or disks for

documents responsive to the following requests, and production of such documents

should be made regardless of whether such documents exist in tangible or "hard" copy

form. Production is also sought regardless of whether the user purported to "delete" the

document, if such document is capable of being retrieved from archives and/or backup

tapes or disks.

10.     With respect to any documents called for by these Requests but withheld

due to a claim of privilege or for any other reason, each such document should be

preserved and identified by stating the following:

        a.      generic description (e.g., "letter," "memo," "note," etc.);

        b.      general subject matter;

        c.      date;

        d.      author;

        e.      person or persons for whom it was prepared and to whom it was
              sent; and

        f.      the nature and basis of the privilege or other reason given for
              withholding such document.

11.     For documents that have originated in paper format, the following

specifications should be used for their production: Images should be produced as single

page TIFF group IV format imaged at 300dpi.

        a.      Each filename must be unique and match the Bates number of the
              page. The filename should not contain any blank spaces and should
              be zero padded (for example ABC00000001).

b.    Media may be delivered on CDs, DVDs or External USB hard drives. Each media volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

c.    Each delivery should be accompanied by an IPRO image cross reference file (.lfp) that contains document breaks.

d.    A delimited text file that contains available fielded data should also be included, and at a minimum include Beginning Bates Number, Ending Bates Number and Number of Pages. The delimiters for that file should be:

> Field Separator: "|"
>
> Quote Character: "~" Multi-Entry Delimiter: ";"

e.    To the extent that documents have been run through an Optical Character Recognition (OCR) Software in the course of reviewing the documents for production, full text should also be delivered for each document. Text should be delivered on a document level in an appropriately formatted text file (.txt) that is named to match the first bates number of the document.

f.    A Summation text cross reference load file (.lst) should also be included with the production delivery.

12.    Electronic documents should be produced in such fashion as to identify the location (i.e., the network file folder, hard drive, back-up tape or other location) where the documents are stored and, where applicable, the natural person in whose possession they were found (or on whose hardware device they reside or are stored). If the storage location was a file share or work group folder, that should be specified as well. Attachments, enclosures, and/or exhibits to any parent documents should also be produced and proximately linked to the respective parent documents containing the attachments, enclosures, and/or exhibits.

13.    This subpoena is deemed to be continuing in nature and any documents that should come into your possession, custody or control after your initial production

that fall within the breadth of this Subpoena are hereby requested and should be produced without the need to supplement this request.

## RELEVANT TIME PERIOD

Unless otherwise indicated or stated, the Relevant Time Period covered by these Document Requests is January 1, 2007 through and including June 30, 2009. You should produce all documents created, received by you, reviewed or read by you, or dated during the Relevant Time Period, or which refer to any date, transaction, or event within the Relevant Time Period. The Relevant Time Period shall include reference to all occurrences and documents created prior to the Relevant Time Period that relate to, are effective during, or concern events, agreements, communications, investigations, reports, notes or any other matters during the Relevant Time Period.

## DOCUMENTS REQUESTED

### Document Request No. 1:

All communications with the Company concerning governmental filings, including, but not limited to, 11-K, 10-K, 10-KA, 10-Q, and 8-K Forms, filed with the SEC, and all related exhibits, schedules, attachments thereto, public releases, statements, minutes/transcripts of analyst meetings, or prepared statements by State Street directors, officers or other Company spokesperson(s) to the extent that they relate to the Conduits.

### Document Request No. 2:

All documents relating to the asset quality of State Street's Conduit program and State Street's investment portfolio.

### Document Request No. 3:

8

All documents relating to any disruptions in the liquidity of the Conduit program's short-term debt or asset-backed securities.

**Document Request No. 4:**

All documents relating to any contractual back-up liquidity State Street provided to the Conduits.

**Document Request No. 5:**

All documents relating to the level of demand for the Conduit's commercial paper financing.

**Document Request No. 6:**

All documents relating to the credit ratings of the underlying the assets of the Conduits and State Street's investment portfolio.

**Document Request No. 7:**

Documents concerning the asset backed commercial paper conduits that State Street sponsored, including without limitation, documents concerning asset quality, application of accounting rules, profit/loss models, and unrealized conduit losses.

**Document Request No. 8:**

All documents relating to the contractual arrangements between State Street and the Conduits in effect during the Relevant Period and any communications regarding any consideration of modifying those arrangements.

**Document Request No. 9:**

All communications between Ernst & Young and State Street regarding the level of risk of the Conduit program and State Street's investment portfolio.

9

**Document Request No. 10:**

All documents concerning any assessment as to whether any of the unrealized losses incurred by the Conduits were required to be reported on State Street's financial statements.

**Document Request No. 11:**

All documents concerning State Street's consolidation for financial reporting purposes, effective as of May 15, 2009, of the Conduits, including, but not limited to, the reasons for the consolidation and any analysis performed by any entity in connection with that consolidation.

**Document Request No. 12:**

All documents concerning any consideration of State Street's consolidation for financial reporting of the Conduits on State Street at any time.

**Document Request No. 13:**

All documents concerning the possible increase in the volatility of State Street's net interest revenue in connection with the Conduits

**Document Request No. 14:**

All documents concerning changes in the composition of the assets on State Street's consolidated balance sheet and the possibility that it may be required to change the manner in which it funds those assets.

**Document Request No. 15:**

All documents concerning communications with the Individual Defendants regarding the Conduits.

**Document Request No. 16:**

All documents concerning the valuation of Conduits assets.

**Document Request No. 17:**

All documents concerning consideration of a reserve, allowance or loss

contingency for potential or actual impairment of value of any of the Conduits or their

assets.

**Document Request No. 18:**

All documents concerning the creation, maintenance and propriety of the Conduit

structure and the treatment of the Conduits by State Street for financial reporting

purposes.

**Document Request No. 19:**

All documents concerning communications with the Board with respect to the

Conduits.

**Document Request No. 20:**

All communications with the SEC concerning the Conduits.