UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| THOMAS U. KENNEY, on Behalf of Himself and a Class of Persons Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 09-10750-PBS |
| v. | : | |
| STATE STREET CORPORATION; NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION; ALISON QUIRK; PAMELA GORMLEY; ROSS MCLELLAN; DAVID O'LEARY; SKIP CURTRELL; JAYNE DONAHUE; DAVID GUTSCHENRITTER; JAMES MALERBA; STATE STREET CORPORATION INVESTMENT COMMITTEE; and JOHN DOES 1-10, | : : : : : : | |
| Defendants. | | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NON-PARTY ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS**

Ernst & Young LLP ("E&Y"), which is <u>not</u> a party to the above-captioned action, hereby opposes plaintiff's motion to compel it to produce documents demanded in a subpoena <u>duces</u> <u>tecum</u>, dated April 8, 2010 (the "Subpoena"), on the following grounds:

**1.    Plaintiff's Sole Remaining Claim Involves An October 15, 2008 Press Release**

Following the Court's March 15, 2010 Memorandum And Order, plaintiff's sole remaining claim in this action concerns an October 15, 2008 press release in which State Street Corporation's then-CEO stated that "the asset quality of both our investment portfolio and the

conduit program remains high."[1] (Memorandum And Order, Docket 56, March 15, 2010 ("March 15 Order"), at 23, quoting October 15, 2008 press release).

Specifically, the Court held: "[W]ith all reasonable inferences drawn in plaintiff's favor, he has stated a claim that State Street negligently misrepresented the quality and riskiness of its conduits and investment portfolio assets in the October 15 statement." (Id. at 25.) The Court granted the defendants' motion to dismiss with respect to all of plaintiff's other claims. (Id. at 26.)

**2.   The Subpoena, E&Y's Objections And Discussions With Plaintiff's Counsel**

Plaintiff served the Subpoena on E&Y on April 13, 2010, demanding production of twenty broad categories of documents and communications concerning more than a two and a half year period. (See Subpoena, Ex. A to plaintiff's motion, Docket 67, filed May 25, 2010.)

E&Y served timely objections on April 27, 2010. (See E&Y's objections, Ex. B to plaintiff's motion, Docket 67, filed May 25, 2010.)

Thereafter, in a good faith effort to resolve these issues, counsel for E&Y engaged in telephone and email discussions with plaintiff's counsel concerning plaintiff's sole remaining claim and the scope of the document requests.

With respect to the sole remaining claim, plaintiff's counsel acknowledged in a May 11, 2010 email that the Court's March 15 Order "focus[ed] on the question as to whether the assets were 'high quality' at the time of the October 15, 2008 announcement." In addition, based on the Court's statement that the October 15, 2008 statement "turned out to be misleading" due to

---

[1]   The conduits are special purpose entities administered by State Street Corporation in connection with its asset-backed commercial paper program. The conduits were not included in State Street's consolidated financial statements at any time during the Class Period. (See, e.g., State Street Corporation, Form 10-K for the period ending 12/31/2008, at 55, 79.)

the increase in net unrealized losses "within months" of that statement (see March 15 Order, at 24), plaintiff's counsel stated that they were also entitled to "documents that would reflect on asset quality generated from October 2008 until the announcement of the significant increase in unrealized losses in January 2009." In a subsequent email, plaintiff's counsel confirmed that the "assets" they were referring to were the "assets that comprised the conduits."

### 3.  E&Y Did Not Audit The Conduits Or The October 15, 2008 Press Release

At all times relevant to this action, the conduits were not recorded on State Street's consolidated balance sheets, and they were maintained as separate legal entities. E&Y did not audit those separate legal entities as part of its audits of State Street Corporation's consolidated financial statements. Plaintiff's counsel apparently was not aware, when subpoenaing E&Y, that the off-balance sheet conduits were audited by another accounting firm, not E&Y, during the Class Period.[2] To our knowledge, plaintiff has not sought the only theoretically relevant third-party discovery -- from the conduits' auditor.

Nor did E&Y audit the October 15, 2008 press release. Press releases and the statements of company officials contained therein are solely the company's responsibility, not the domain of its outside auditors.

In light of E&Y's limited involvement with both the conduits and the October 15, 2008 press release, documents, if any, concerning the quality of conduit assets during the Class

---

[2]  See In re Australia And New Zealand Banking Group Ltd. Sec. Litig., No. 08 Civ. 11278 (DLC), slip op. at 33 (S.D.N.Y. May 11, 2010), (imposing sanctions on the same firm for failing to check the facts of defendant company activity). After learning from counsel for E&Y that E&Y did not audit the conduits, plaintiff's counsel stated that he is not seeking documents related to any audits of the conduits. But counsel continued to press for production of documents relating to "asset quality" of the conduits, repeating his argument that the Court's March 15 Order "focus[ed] on the question as to whether the assets were 'high quality' at the time of the October 15, 2008 announcement."

Period are possibly in the possession, custody and control of the parties to this action or the auditor of the conduits. At a minimum, in light of plaintiff's obligation under Fed. R. Civ. P. 45(c)(1) to avoid imposing undue burden or expense on third parties such as E&Y (see 5, below), plaintiff should be required to conduct party discovery before burdening a third party such as E&Y with these requests.

**4.     E&Y Offered To Produce Responsive Documents**

Following its correspondence with plaintiff's counsel, and subject to an already agreed-upon protective order, E&Y agreed to produce: (a) any E&Y work papers relating to the October 2008 press release, and (b) any E&Y work papers analyzing conduits in connection with the year-end 2008 audit. Given the timing of E&Y's audit work, that undertaking extends beyond the January 20, 2009 end of the Class Period in this case. E&Y understands that this approach is consistent with what defendants have undertaken to produce in this case. Yet, plaintiff rejected this proposal.

**5.     Plaintiff Has Not Complied With Fed. R. Civ. P. 45(c)(1)**

In light of the foregoing, and with all due respect to plaintiff, E&Y does not understand why this motion was filed.

Fed. R. Civ. P. 45(c)(1) provides that a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and that the court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." See also Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998) (affirming denial of motion to compel and holding that "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs");

4

Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003) (affirming motion to quash subpoena and holding that "[e]ven if we were to assume . . . that the documents have some relevance to the [requesting party's claims] . . . the district judge acted within its discretion in concluding that the subpoena cast too wide a net.")

   Here, plaintiff has not taken reasonable steps to avoid imposing undue burden and expense on E&Y.  As discussed above, plaintiff's counsel did not check whether E&Y audited the conduits before serving the Subpoena to determine whether E&Y likely had documentation regarding the asset quality of the conduits.   Plaintiff has not sought the requested discovery from other sources, including the parties to the litigation or the conduits' auditor.  Plaintiff rejected E&Y's offer to produce documents reasonably related to the sole remaining claim in the case.  Given that E&Y offered to produce documents from before the October 15, 2008 press release through the year end 2008 audit, which was completed after the end of the Class Period, plaintiff appears to be using the Subpoena as a fishing expedition on which to base an amended complaint.

   Plaintiff's requests are entirely unreasonable.  Plaintiff stated that the Court's March 15 Order "focus[ed]" on the asset quality of the conduits at the time of the October 15, 2008 announcement.  E&Y agreed to produce documents relating to that press release.  Based on the Court's statement that the October 15, 2008 "turned out to be misleading" within months, plaintiff pressed for production of conduit-related documents from the 2008 audit, which E&Y also agreed to produce.  But rather than reaching a reasonable agreement with E&Y to narrow any aspect of plaintiff's overly broad, irrelevant and burdensome requests, plaintiff continues to demand documents extending far into 2009 (well after the end of the Class Period) and documents relating to the 2007 year-end audit.  Such unreasonable requests burden the Court and E&Y as a third party, contrary to plaintiff's obligation under Fed. R. Civ. P. 45(c)(1).

Accordingly, E&Y requests, pursuant to Fed. R. Civ. P. 45(c)(1), that the Court award E&Y reasonable attorneys' fees incurred as a result of being required to oppose this needless motion.

## Conclusion

For the foregoing reasons, E&Y respectfully requests that this Court deny plaintiff's motion and award E&Y reasonable attorneys fees pursuant to Fed. R. Civ. P. 45(c)(1).

Dated:   June 8, 2010                                Respectfully submitted,
         Boston, Massachusetts

                                                     /s/ Thomas J. Dougherty
Of Counsel:                                          Thomas J. Dougherty (BBO #132300)
                                                     Kara E. Fay (BBO #638260)
Steven Weiser                                        SKADDEN, ARPS, SLATE,
Associate General Counsel                              MEAGHER & FLOM LLP
ERNST & YOUNG LLP                                    One Beacon Street
5 Times Square                                       Boston, Massachusetts 02108
New York, New York 10036                             dougherty@skadden.com
(212) 773-1402                                       kfay@skadden.com
                                                     (617) 573-4800

                                                     Counsel for Ernst & Young LLP

## Certificate Of Service

I, Thomas J. Dougherty, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on June 8, 2010.

Dated:  June 8, 2010                                 /s/ Thomas J. Dougherty
                                                     Thomas J. Dougherty