| | |
|---|---|
| **From:** | Mark Levine |
| **To:** | "Dougherty, Thomas J" |
| **Cc:** | "James Henry Glavin" |
| **Subject:** | RE: State Street ERISA |
| **Date:** | Tuesday, May 11, 2010 7:13:22 PM |

Tom:  Although I understood that there was a chance that E & Y audited one or more of the off balance sheet conduits just because there are only four accounting firms in the world of the size that would likely audit entities as large as the conduits, the subpoena that we served does not seek documents related to any audit of any of the conduits.  With all due respect, while we appreciate that you have checked the records, you may be under a misimpression of what the remaining claim in this action is about.

As we see it, the Court was focusing on the question as to whether the assets were "high quality" at the time of the October 15, 2008 announcement.  Hypothetically E & Y could have work papers regarding the October 15, 2008 announcement that did not address the issue of the "quality" of the assets, while having work papers used in working on the press release addressing only other issues.  That would provide us with no relevant documents.  Moreover, E & Y may have done some work, for example, related to the third quarter review that may have touched on the asset quality issue or the accounting for the assets, but your proposal would not provide us with any such documents or the potentially relevant information that may be contained in such documents.  E & Y might also have documents regarding the asset quality or the accounting for the off-balance sheet assets generated at other times but not generated specifically in connection with a review.

Judge Saris also commented (at page 24 of the opinion) about the fact that the October 15, 2008 statement turned out to be misleading because of the increase in unrealized losses within months of that statement being made, so certainly we would be entitled to documents that would reflect on asset quality generated from October 2008 until the announcement of the significant increase in unrealized losses in January, 2009.  We are confident that would be a subject that would have been considered by E & Y in connection with the year end audit that, by definition, involves the entire year 2008 and October 2008 is part of that audit period.  Moreover, we believe that to fully understand the asset quality, at the time of the October statement, production through the consolidation of the conduits in May 2009 is not only appropriate but necessary.  If we can make progress on the back end (i.e. end date for production), I would be willing to talk to you about starting the relevant period a little later on the front end.

Our goal is not to create an undue burden for your client but rather only to obtain documents from which it would seem are reasonable and necessary to get a good understanding of the asset quality in October, 2008 in context and it is the context that causes documents generated prior to October 2008 and after October 2008 to be necessary.

While we can certainly work with you on the timing of the production to reduce the demands on the E & Y and Skadden Arps' staffs, we do not believe we can in good conscience to our client and the class he seeks to represent, forego seeking the documents that you are asking us to forego.  While we could defer our motion for a short period if E & Y makes the production of the press release related documents in the next ten day, I would be shocked if those document satifsied us so I would be misleading you if I did not tell you that barring the unexpected, we would likely move to compel the rest of the production almost immediately after E & Y's production.  If E & Y is willing to produce the press release related documents knowing that a motion to compel would almost certainly quickly follow, we are agreeable and E & Y would not be waiving any objections.  We have entered into a confidentiality stipulation which we could send to you if needed so you can see if it would satisfy E & Y's needs.

Mark Levine

---

**From:** Dougherty, Thomas J [mailto:Dougherty@skadden.com]
**Sent:** Tuesday, May 11, 2010 2:01 PM
**To:** 'Mark Levine'
**Subject:** RE: State Street ERISA

Mark:

You may be under a mistaken impression.  E&Y did not audit off balance sheet conduits.  Presumably, those entities were audited by another auditor, not E&Y.  I propose that we provide you documents as stated in my prior e-mail without prejudice to your right at a later date to seek additional documents and our right to object as we have stated.

Tom

**Thomas J. Dougherty**
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street | Boston | Massachusetts | 02108-3194
T: 617.573.4820 | F: 617.305.4820
dougherty@skadden.com

Skadden

---

**From:** Mark Levine [mailto:mlevine@ssbny.com]
**Sent:** Tuesday, May 11, 2010 1:22 PM
**To:** Dougherty, Thomas J (BOS)
**Subject:** RE: State Street ERISA

Tom:  I appreciate that you checked to see if there were any documents related to the press release, but that just does not do that much for us and reads the judge's opinion in an extremely narrow way.  As I see it, the Court was focusing on the question as to whether the assets were "high quality" at the time of the October 15, 2008 announcement.  Hypothetically E & Y could have work papers regarding the October 15, 2008 announcement that did not address the issue of the "quality" of the assets, while having work papers used in working on the press release addressing only other issues.  That would provide us with no relevant documents.  Moreover, E & Y may have done some work, for example, related to the third quarter review that may have touched on the asset quality issue or the accounting for the assets, but your proposal would not provide us with any such documents or the potentially relevant information that may be contained in such documents.  E & Y might also have documents regarding the asset quality or the accounting for the off-balance sheet assets generated at other times but not generated specifically in connection with a review.

Judge Saris also commented (at page 24 of the opinion) about the fact that the October 15, 2008 statement turned out to be misleading because of the increase in unrealized losses within months of that statement being made, so certainly we would be entitled to documents that would reflect on asset quality generated from October 2008 until the announcement of the significant increase in unrealized losses in January, 2009.  We are confident that would be a subject that would have been considered by E & Y in connection with the year end audit that, by definition, involves the entire year 2008 and October 2008 is part of that audit period.  Moreover, we believe that to fully understand the asset quality, at the time of the October statement, production through the consolidation of the conduits in May 2009 is not only appropriate but necessary.  If we can make progress on the back end (i.e.

end date for production), I would be willing to talk to you about starting the relevant period a little later on the front end.

Our goal is not to create an undue burden for your client but rather only to obtain documents from which it would seem are reasonable and necessary to get a good understanding of the asset quality in October, 2008 in context and it is the context that causes documents generated prior to October 2008 and after October 2008 to be necessary.

While we can certainly work with you on the timing of the production to reduce the demands on the E & Y and Skadden Arps' staffs, we do not believe we can in good conscience to our client and the class he seeks to represent, forego seeking the documents that you are asking us to forego.  We could only accept your proposal if it is without prejudice to Plaintiff's right to continue to seek documents as set forth above.

Mark Levine

---

**From:** Dougherty, Thomas J [mailto:Dougherty@skadden.com]
**Sent:** Tuesday, May 11, 2010 10:05 AM
**To:** 'Mark Levine'
**Subject:** RE: State Street ERISA

Mark:

We could agree, subject to a suitable protective order, to produce in the Kenney case, E&Y's workpapers dealing with the October 15, 2008 press release referenced in your complaint and in the judge's decision.  I have checked that there are such documents.

Tom

**Thomas J. Dougherty**
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street | Boston | Massachusetts | 02108-3194
T: 617.573.4820 | F: 617.305.4820
dougherty@skadden.com

Skadden

---

**From:** Mark Levine [mailto:mlevine@ssbny.com]
**Sent:** Monday, May 10, 2010 7:36 PM
**To:** Dougherty, Thomas J (BOS)
**Subject:** State Street ERISA

Tom:  This is just a follow up to our meet and confer last week.  You indicated that that E & Y was not willing to produce any documents at this time.  We are in the process of drafting a motion to compel which will be filed in the next day or two.  Before it is filed I thought it was appropriate to communicate with you one more time to see if there was anyway that E & Y would agree to some document producition. If I do not hear any willingness by the end of business tomorrow we will assume that E &Y will not produce any documents at this time and we will get our motion on file.  We stand ready to try to reach agreement with E & Y.

Mark Levine
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017
Ph: 212-687-7230
Fax: 212-490-2022
mlevine@ssbny.com

------------------------------------------------------------------------
****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
****************************************************
****************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************
==========================================================================

------------------------------------------------------------------------
****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
****************************************************

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
===========================================================================