# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | X |  |
| THOMAS U. KENNEY, on Behalf of | : |  |
| Himself and a Class of Persons Similarly | : |  |
| Situated, | : |  |
|  | : | 1:09-cv-10750 (PBS)(JGD) |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| STATE STREET CORPORATION; NORTH | : |  |
| AMERICA REGIONAL BENEFITS | : |  |
| COMMITTEE OF STATE STREET | : |  |
| CORPORATION; ALISON QUIRK; | : |  |
| PAMELA GORMLEY; ROSS MCLELLAN; | : |  |
| DAVID O'LEARY; SKIP CURTRELL; | : |  |
| JAYNE DONAHUE; DAVID | : |  |
| GUTSCHENRITTER; JAMES MALERBA; | : |  |
| STATE STREET CORPORATION | : |  |
| INVESTMENT COMMITTEE; and JOHN | : |  |
| DOES 1-10 | : |  |
|  | : |  |
| Defendants. | : |  |
| _____ | X |  |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS RESPONSIVSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS <u>WITH RESPECT TO THE APPROPRIATE RELEVANT TIME PERIOD</u>

Plaintiff Thomas U. Kenney ("Plaintiff"), by his attorneys, moves the Court for an order compelling State Street Corporation, the Benefits and Investment Committees of its Board of Directors, and the individual members thereof (collectively, "Defendants" or "State Street") to produce certain documents set forth in Plaintiff's First Request for Production of Documents Directed to All Defendants ("Plaintiff's Document Request"). A copy of Plaintiffs' Document Request is attached as Exhibit A to the accompanying Declaration of Mark Levine In Support of Plaintiff's Motion to Compel Defendants to Produce Documents Responsive to Plaintiff's First Request for Production of Documents With Respect to the Appropriate Relevant Time Period ("Levine Declaration").[1]

This motion is made on the grounds that Plaintiff served Plaintiff's Documents Request upon Defendants for production of the above-referenced documents on March 18, 2010. On April 21, 2010, Defendants' served their responses and objections to Plaintiff's Document Request. A copy of Defendants' Response to Plaintiff's First Request for Production of Documents is attached to the Levine Declaration as Exhibit B. The parties engaged in an in-

---

[1] On April 9, 2010, by letter to Defendants' counsel, Plaintiff modified the end date of the "Relevant Time Period" set forth in the document request from March 30, 2009 to December 31, 2009. A copy of that letter is annexed to the Levine Declaration as Exhibit C. Plaintiff is willing to end the Relevant Time Period for purposes of this motion at May 22, 2009 when State Street issued a Form 8-K announcing the sale of common stock which brought in about $2.23 billion into State Street's coffers. A copy of the May 22, 2009 Form 8-K is annexed to the Levine Declaration as Exhibit D. The common stock offering was completed just four days after State Street announced the consolidation of the conduits on its financial statements. A copy of the May 18, 2009 Form 8-K regarding the consolidation of the conduits is annexed to the Levine Declaration as Exhibit E. The consolidation was a significant cause for State Street's reported loss for the quarter ended June 30, 2009 of about $7.10 per share. The July 21, 2009 press release disclosing that loss is annexed to the Levine Declaration as Exhibit F. Defendants' objections attempt to limit the Relevant Time Period to the period between October 1, 2008 and January 20, 2009 although at one point it appeared that Defendants may have been willing to lengthen the Relevant Time Period by thirty days on each end. Either way, the Relevant Time Period as defined by Defendants will not provide all of the documents that should be discoverable.

person "meet and confer" with Defendants' counsel on April 26, 2010 to discuss Defendants' objections. Defendants were objecting to several categories of requests by virtue of the ruling of the Court on Defendants' Motion to Dismiss and the modification of the scope of the case. The parties recognized that such requests would be subject to further discussion. Areas such as treatment of electronic discovery are presently the subject of ongoing discussion between the parties who are working to develop mutually acceptable protocols. Areas that are the subject of objections by Defendants may become mooted after the Plaintiff moves to amend his complaint if the Court grants that motion.

The undersigned certifies that, in an unsuccessful effort to secure resolution with respect to the Relevant Time Period, the undersigned has in good faith met and conferred in-person with counsel for Defendants. The conference with counsel for Defendants took place on the morning of April 26, 2010 at the offices of Wilmer Cutler Pickering Hale & Dorr LLP and lasted for approximately one hour. There were a series of follow up e-mails and telephone calls between the parties in an attempt to reach agreement on the Relevant Time Period for purposes of document production, but the parties were unable to reach agreement.

Dated:  June 18, 2010

Respectfully Submitted:

**TODD & WELD**
Kevin T. Peters
28 State Street
Boston, MA 02109
Telephone: (617) 720-2626
Facsimile:  (617) 227-5777

2

**STULL, STULL & BRODY**

By:/s/ Mark Levine
Edwin J. Mills
Mark Levine
James Henry Glavin IV
Michael J. Klein
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile:  (212) 490-2022

**MAJOR KHAN, LLC**
1120 Avenue of the Americas
Suite 4100
New York, NY 10036
Tel: (646) 546-5664
Fax: (646) 546-5755

*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLAINCE WITH LOCAL RULE 37.1**

I, Mark Levine, counsel for Plaintiff, certify that the provisions of Local Rule 37.1 have been complied with.

Dated: June 18, 2010.

__/s/ Mark Levine_____
Mark Levine

CERTIFICATE OF SERVICE

I, Mark Levine, hereby certify that a copy of the foregoing document, filed through the ECF system on June 18, 2010, was sent electronically on that date to the registered participants as identified in the Notice of Electronic Filing.


Dated June 18, 2010

/s/ Mark Levine_____

5