IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS U. KENNEY, *on Behalf of Himself and a Class of Persons Similarly Situated*,<br><br>    Plaintiffs,<br><br> v.<br><br>STATE STREET CORPORATION; NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION; ALISON QUIRK; PAMELA GORMLEY; ROSS MCLELLAN; DAVID O'LEARY; SKIP CURTRELL; JAYNE DONAHUE; DAVID GUTSCHENRITTER; JAMES MALERBA; STATE STREET CORPORATION INVESTMENT COMMITTEE; and JOHN DOES 1-10<br><br>    Defendants. | Civil Action<br>No. 09-cv-10750-PBS (JGD) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

                  Jeffrey B. Rudman (BBO No. 433380)
                  William H. Paine (BBO No. 550506)
                  John J. Butts (BBO No. 643201)
                  Timothy Perla (BBO No. 660447)
                  WILMER CUTLER PICKERING
                  HALE AND DORR LLP
                  60 State Street
                  Boston, Massachusetts, 02109
                  (617) 526-6000

## INTRODUCTION

After Plaintiff's recent deposition, it is now crystal clear that judgment should enter for Defendants on the only remaining claim in this case.[1]  In that claim, Plaintiff asserts that Defendants are liable for negligent misrepresentation because the Summary Plan Description incorporated by reference a Form 8-K that contained a press release quoting State Street's CEO, Ronald Logue.  The press release disclosed a significant increase in unrealized losses in State Street's investment portfolio and in the four asset backed commercial paper conduits State Street sponsored, and included Mr. Logue's statement that the quality of the underlying assets in the portfolio and conduits "remains high." Memorandum and Order at 6, Dkt. No. 56 (Mar. 15, 2010).

In his amended complaint ("Complaint"), Plaintiff alleged falsely that he relied on all the alleged misrepresentations, including the only one remaining at issue.  Complaint ¶ 80.  Plaintiff has now, however, conceded that this allegation was false, and that he did not rely on the remaining alleged misrepresentation.  Accordingly, he cannot prevail on his claim.

## SUMMARY OF UNDISPUTED FACTS

Plaintiff is a former State Street employee, who claims to be a participant in the State Street Salary Savings Plan (the "Plan").  Statement of Undisputed Facts ("SUF") ¶ 2.  The Plan is a defined contribution plan subject to ERISA which provides participants the ability to invest their contributions in a wide variety of investment options. *Id.* ¶ 3.  One such option is the State Street Employee Stock Ownership Plan ("ESOP"), which allows employees to allocate up to 25% of their Plan account to the ESOP. *Id.*

---

[1] The defendants include State Street Corporation ("State Street"), North America Regional Benefits Committee, Alison Quirk, Pamela Gormley, Ross McLellan, David O'Leary, Charles Cutrell, Jayne Donahue, David Gutschenritter, James Malerba, and State Street Corporation Investment Committee.

Plaintiff had allocated some of his Plan contributions to the ESOP from 2004 through 2007. *Id.* ¶ 4. On July 20, 2009, he filed the Complaint, which asserted six claims for breach of fiduciary duties under Section 502(a) of ERISA, 29 U.S.C. § 1132(a). Complaint ¶¶ 70-108. On March 31, 2010, the Court dismissed five of those claims, but sustained a negligent misrepresentation claim which is premised on the following statement from a press release that was part of a Form 8-K filed on October 15, 2008:

> Due to unprecedented market illiquidity in the third quarter, the unrealized after-tax mark-to-market losses at quarter end on State Street's investment portfolio have increased to $3.3 billion and in the asset-backed commercial paper conduits to $2.1 billion. However, as we have said in the past, the asset quality of both our investment portfolio and the conduit program remains high.

*See* Memorandum and Order at 26.[2] The Court explained its reasoning as follows:

> A Plan beneficiary could reasonably have read Logue's statement to be a pat-on-the-back assurance that, despite the unrealized losses in the third quarter, no further significant losses were foreseeable and there was no reason not to continue investing in the stock.

*Id.*

In the Complaint, Plaintiff alleged that he was a participant in the Plan, Complaint ¶ 1 ("Plaintiff, who was a Participant in the Plan during time periods relevant to the Complaint …."), and that, "Participants relied upon … Defendants' material misrepresentations to their detriment." *Id.* ¶ 80. In fact, Plaintiff now admits that he did not rely on the remaining alleged misrepresentation.

At his deposition, Plaintiff admitted that he had never read the Form 8-K containing the alleged misrepresentation:

> ***Q: Did you read that 8-K?***
>
> ***A: Absolutely not.***

---

[2] Plaintiff's claim is styled as a challenge to State Street's Summary Plan Description ("SPD"), which generally incorporates State Street's SEC filings by reference. *See* Complaint ¶ 61.

SUF ¶ 6 (emphasis added).

Plaintiff also testified that he had not purchased any State Street stock since 2007 (at the latest), and in particular that he did not purchase any such stock at any time after the challenged statement was made:

> **Q:** Do you know roughly how much you spent per month in 2008 buying State Street common stock?
>
> **A:** I believe I purchased no State Street common stock in 2008.

SUF ¶ 7; *see also* SUF ¶ 4.[3]

## ARGUMENT

Summary judgment is appropriate where, as here, the undisputed evidence negates an essential element of a plaintiff's claim. *See Chiang v. MBNA*, 634 F. Supp. 2d 164, 166 (D. Mass. 2009) ("To succeed in a motion for summary judgment, the moving party must show that there is an absence of evidence to support the nonmoving party's position.") (quotation and citation omitted); *Davis v. First Union Corp. Long Term Disability Plan*, 213 F. Supp. 2d 29, 35 (D. Mass. 2002) ("Summary judgment is appropriate when the record reveals no genuine issue as to any material fact and when the moving party is entitled to summary judgment as a matter of law."); *Cytologix Corp. v. Ventana Med. Sys., Inc.*, Nos. 00-12231-RWZ, 01-10178-RWZ, 2006 WL 2042331, at *5 (D. Mass. July 20, 2006) ("Because plaintiff has failed to raise a triable issue of fact with respect to an essential element of its … claim, summary judgment … is allowed.").

This is especially so, where, as here, a plaintiff's own deposition testimony forecloses an essential element of his claim. *See, e.g., Barry v. Wing Mem'l Hosp.*, 142 F. Supp. 2d 161, 167-68 (D. Mass. 2001) (plaintiff's claims foreclosed where plaintiff's deposition testimony belies

---

[3] Although Plaintiff made no decision to purchase State Street common stock in 2008, a small amount of dividends (fewer than $199) were automatically reinvested in State Street stock after the date of the challenged statement. SUF ¶ 2.

allegations in the complaint); *Melinas v. Divis Hotels Mktg., Inc.*, No. 89-02152-MLW, 1995 WL 598963, at *4 (D. Mass. Aug. 7, 1995) ("Because the evidence in this case, specifically the answers given by [plaintiff] at her deposition, does not support [plaintiff's] … claim, [defendant] is entitled to summary judgment on count I of the complaint as well.").

I.  **Defendants Are Entitled To Summary Judgment Because Plaintiff Has Admitted That He Did Not Rely On The Challenged Statement.**

The First Circuit and this Court have made clear that a claim for negligent misrepresentation under ERISA requires a plaintiff to prove that she relied on the challenged statement to her detriment.[4] *See Mauser v. Raytheon*, 239 F.3d 51, 54-55 (1st Cir. 2001) ("such relief is only appropriate if the participant demonstrates significant or reasonable reliance on the [complained of document]"); *Davis*, 213 F. Supp. 2d at 35 ("Plaintiff does not allege that she would have acted differently had she known that the Plan granted defendant discretionary authority, and thus cannot rely on the SPD for relief.").[5]

There can be no doubt that Plaintiff did not rely on the challenged statement now that he has admitted that he had "[a]bsolutely not" read the Form 8-K in which the statement was

---

[4] In addition, a plaintiff must prove that: (1) a defendant made a misrepresentation; (2) while the defendant was speaking to a participant as an ERISA fiduciary; and (3) the misrepresentation was material. *See Daniels v. Thomas & Betts Corp.*, 263 F.3d 66, 73 (3d Cir. 2001); *George v. Duke Energy Ret. Cash Balance Plan*, 259 F.R.D. 225, 238 (D.S.C. 2009).

[5] *See also In re Merck & Co., Inc. Sec. Derivative & ERISA Litig.*, MDL No. 1658 (SRC), Nos. 05-1151 (SRC), 05-2369 (SRC), 2009 WL 331426 (D.N.J. Feb. 10, 2009) ("It is clear that claims for breach of fiduciary duty by misrepresentation under § 502(a)(3) require proof of detrimental reliance."); *In re Comp. Scis. Corp. ERISA Litig.*, 635 F. Supp. 2d 1128, 1143 (C.D. Cal. 2009) ("[F]or claims of misrepresentation, reliance is required…. [A]s Plaintiffs have failed to produce evidence sufficient to create a genuine issue of material fact regarding … detrimental reliance, the Court [grants] Defendants' Motion [for Summary Judgment] on Plaintiffs' misrepresentation claim."); *Brant v. Principal Life & Disability Ins. Co.*, 50 Fed. App'x 330, 332 (8th Cir. 2002) ("An ERISA breach-of-fiduciary-duty claim, which also requires proof of reasonable and detrimental reliance, would necessarily fail" because plaintiff "presented no evidence showing a reasonable and detrimental reliance…."); *Wilson v. Venture Fin. Group, Inc.*, No. C09-5768-BHS, 2010 WL 2028088, at *10 (W.D. Wash. May 18, 2010) (dismissing ERISA breach of fiduciary duty "claim of failure to disclose to the extent it relies on a misrepresentation theory" on grounds of failure to "plead any facts that would establish detrimental reliance").

contained.[6] Summary judgment is therefore required. *See In re Comp. Scis. Corp. ERISA Litig.*, 635 F. Supp. 2d at 1143 (summary judgment appropriate on ERISA misrepresentation claim where plaintiffs "fail to suggest that [they] actually read the specific documents at issue"); *Util. Workers Union of Am., Local 601 v. Pub. Serv. Elec. & Gas Co.*, No. 07-cv-2378 (WJM), 2009 WL 331421, at *8 (D.N.J. Feb. 10, 2009) (summary judgment appropriate on ERISA misrepresentation claim where "none of the Plaintiffs can recall whether they read the SPD waiver credit provisions," and noting "[i]t escapes the Court how Plaintiffs could have relied upon a document that they are not even certain they read"); *Austin v. Bradley, Barry & Tarlow, P.C.*, No. 85-cv-4767-S, 1992 WL 560915, at *10 (D. Mass. June 17, 1992) (where plaintiff "admitted in his deposition testimony that he did not receive or read [defendants' alleged misrepresentations] until … a time after he had purchased the investment," he cannot show reliance on them).

Although Plaintiff now asserts that actual detrimental reliance need not be pleaded or proven, that appears to be a recent contrivance. If Plaintiff really had thought this was the case, there would have been no reason to make the false allegation that he did rely (in addition to his baseless allegation that he was presumed to rely). In fact, the law affords no presumption of reliance in a case like this.

Plaintiff's argument rests on *Affiliated Ute Citizens v. U.S.,* 406 U.S. 128 (1972), *see* Plaintiff's Status Report, Dkt. No. 61, which addressed a claim brought under Rule 10b-5 not based on a false or misleading statement, but rather upon an omission to disclose in connection with a scheme to defraud. In that case, the defendants did not disclose to plaintiffs that the

---

[6] Plaintiff's testimony that he had not purchased State Street stock since 2007 further demonstrates that he took no action in reliance on the challenged statement. Detrimental reliance on a statement occurs when someone does something that they otherwise would not have done. This simply cannot occur where plaintiff either does not read the statement or is not aware that an investment is being made.

securities at issue could have been sold at prices higher than those paid to plaintiffs. The Supreme Court noted that use of a false or misleading statement was not a prerequisite to all claims under Rule 10b-5, and that requiring reliance on such a statement made no sense in claims where a false or misleading statement was not alleged.[7] Because it makes no sense to require pleading of reliance on statements never made, no allegation of reliance was required in that case. In the nearly thirty years that followed this decision, the law has become clear that reliance is required in cases alleging false or misleading statements, and that it is not required in cases addressing omissions. *See Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 159 (2008);[8] *Ansin v. River Oaks Furniture, Inc.*, 105 F.3d 745, 754 (1st Cir. 1997) ("Because of the logical impossibility of proving that plaintiffs relied on information they did not have, positive proof of reliance on omissions is not necessary [to support securities fraud claim] where materiality has been established.") (citation and quotation omitted).

The remaining claim in this case, of course, is for negligent misrepresentation. Plaintiff asserts that *what Mr. Logue said* left a misleading impression. This Court permitted the case to proceed on that theory. Thus, this is not a case about a pure omission, and *Affiliated Ute* could never apply. In that case, the Supreme Court held that there is a presumption of reliance in *omission* cases brought under the federal *securities* laws where the defendants had *created a separate market* for the securities at issue, and then hid that market from plaintiffs. 406 U.S. at 153. That is a far cry from a claim based on an alleged *affirmative misrepresentation* in an

---

[7] Rule 10b-5 makes it illegal in connection with the purchase or sale of a security in interstate commerce or using the mails or a national exchange: (1) to employ and device, scheme or artifice to defraud; (2) to make any untrue statement of material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) to any act, practice or course of business which operates or would operate as a fraud or deceit on any person.

[8] The *Stoneridge* court also noted that "if there is an omission of a material fact by one with a duty to disclose, the investor to whom the duty was owed need not provide specific proof of reliance." 552 U.S. at 159 (*citing Affiliated Ute*).

*ERISA* setting where communications are made to individual plan participants.  Courts have therefore been unwilling to extend *Affiliated Ute* to cases like this.  *Harris v. Amgen, Inc.*, No. 07-cv-5442 PSG (PLAx), 2010 WL 744123, at *13 (C.D. Cal. Mar. 2, 2010) ("Contrary to Plaintiffs' argument, the element of detrimental reliance is not presumed" in ERISA misrepresentation claims."); *George v. Duke Energy Ret. Cash Balance Plan*, 259 F.R.D. 225, 240 (D.S.C. 2009) ("Plaintiffs' argument essentially amounts to a request that the detrimental reliance element be presumed for all class members, but have yet to present any authority to support that position."); *In re Merck*, 2009 WL 331426, at *5 (refusing to extend *Affiliated Ute* to an ERISA misrepresentation case, and characterizing the extension Plaintiff seeks here as "a big leap").

## CONCLUSION

Because Plaintiff cannot satisfy the detrimental reliance element of his claim, this lawsuit should proceed no further.  Defendants respectfully request that the Court enter judgment in their favor.

DEFENDANTS

By their attorneys,

*/s/ Timothy J. Perla*
Jeffrey B. Rudman (BBO No. 433380)
William H. Paine (BBO No. 550506)
John J. Butts (BBO No. 643201)
Timothy Perla (BBO No. 660447)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts, 02109
(617) 526-6000
timothy.perla@wilmerhale.com

Dated:  July 1, 2010

## CERTIFICATE OF SERVICE

I, Timothy J. Perla, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) dated July 1, 2010.

*/s/ Timothy J. Perla*
Timothy J. Perla