UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS U. KENNEY, on Behalf of Himself and a Class of Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> STATE STREET CORPORATION; NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION; ALISON QUIRK; PAMELA GORMLEY; ROSS MCLELLAN; DAVID O'LEARY; SKIP CURTRELL; JAYNE DONAHUE; DAVID GUTSCHENRITTER; JAMES MALERBA; STATE STREET CORPORATION INVESTMENT COMMITTEE; and JOHN DOES 1-10 <br><br> Defendants. | Case No. 1:09-cv-10750 (PBS) (JGD) <br><br> **CLASS ACTION** |

**PLAINTIFF'S STATEMENT OF MATERIAL FACT FOR WHICH THERE IS GENUINE DISPUTE TO BE TRIED**

Plaintiff for his statement of genuine material fact to be determined at trial states as follows:

1. In its March 15, 2010 Order granting in part and denying in part Defendants', the Court held that Plaintiff "has stated a claim that State Street negligently misrepresented the quality and riskiness of its conduits and investment portfolio assets in [its] October 15[, 2008] statement" issued in a press release and in conjunction with a filing on Form 8-K with the Securities and Exchange Commission ("SEC"). Docket No. 56 (the "Order").

2. The Court dismissed the Complaint's other claims without prejudice. Docket entry 56.

3.      The claim that still remains concerns allegations "that State Street's ["October 15, 2007, Form 8-K and Press Release"] 'were materially false and misleading in that they misrepresented the truth about the Company, and misleadingly concealed material adverse information,'" in breach of Defendants' fiduciary duties owed to Plaintiff, Participants and the Plan. Docket No. 56 at 17.

4.      In the April 29, 2010 status conference and in Plaintiff's Report for April 29 Conference, Plaintiff's counsel informed the Court that Plaintiff intended to file a second amended complaint.  Docket Entry No. 61; Declaration of Mark Levine in Support of Plaintiff's Memorandum of Law in Opposition to Defendants Motion to Dismiss ("Levine Decl.") at ¶4.

5.      On May 7, 2010, this Court ordered that any motion to file an amended complaint must be filed within 3 months.  *See* Dockets Entry Nos. 25, 62 and 66.

6.      Plaintiff's Complaint asserts that as a result of this alleged breach, Defendants "shall be personally liable to make good to the Plan any losses to the Plan resulting from each breach and shall be subject to such other equitable and remedial relief as the court may deem appropriate."

7.      Plaintiff's Complaint asserts that any recovered losses in this action will go to and through the Plan.  Docket No. 9.

8.      On June 29, 2010, counsel for Defendants sent counsel for Plaintiff an email stating:

> Defendants will soon move for summary judgment. An exhibit will be your client's yearly account statements (produced prior to the deposition). We are willing to file them under seal because they contain personal information. Will you assent to a motion to impound?

Levine Decl. at ¶6.

9.      On that same day, Mark Levine, counsel for Plaintiff responded to Defendants' email stating that, "[a]ny motion [Defendants] make which contains any of our client's personal

financial records should be filed under seal so [Defendants] should make a motion to impound." Levine Decl. at ¶7.

10. Two days later, on July 1, 2010, counsel for Defendants responded to my email stating that Defendants "assume we're not going to talk you out of your case, but if you wish to further confer regarding Defendants' summary judgment motion (see LR 7.1), please let me know asap." Levine Decl. at ¶8.

11. Defendants did not make any further attempt to contact Plaintiff's counsel after sending the e-mail referenced above. Levine Decl. at ¶9.

12. Defendants filed their Motion for Summary Judgment on the same day they sent the email referenced in Paragraph 10 above. Levine Decl. at ¶9.

13. The Motion for Summary Judgment did not contain a certification pursuant to Local Rule 7.1that Defendants had "conferred and have attempted in good faith to resolve or narrow the issue." Levine Decl. at ¶10.

14. On July 9, 2010, after Defendants filed their Motion to Dismiss, Mark Levine, counsel for Plaintiff, emailed a copy of Plaintiff's proposed Second Amended Complaint to Defendants pursuant to Local Rule 7.1 stating:

> Gentlemen: In accordance with Local Rule 7.1(a)(2), by this e-mail I am conferring with you as to whether Defendants will consent to or not oppose the filing of a motion to permit the filing of a Second Amended Complaint in the form attached hereto. Please let me know your position as soon as possible. Your consent or non-opposition will not serve as a waiver to your right to file a motion to dismiss.

Levine Decl. at ¶11.

15.     On July 12, 2009 Mark Levine, counsel for Plaintiff conferred in person with John Butts, counsel for Defendants, asking Mr. Butts if he received the proposed Second Amended Complaint and to discern when Defendants expected to respond to my request. Mr. Butts indicated that he would be conferring with his client and hoped to provide a response by the end of this week. Levine Decl. at ¶12.

16.     Plaintiff has not yet filed a motion seeking leave to file a proposed Second Amended Complaint. Levine Decl. at ¶13.

Respectfully submitted,

Dated: July 15, 2010

**TODD & WELD, LLP**
Kevin T. Peters
28 State Street
Boston, MA 02109
Telephone: (617) 720-2626
Facsimile: (617) 227-5777

**STULL, STULL & BRODY**

By:   /s/ Mark Levine
Mark Levine
East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

**MAJOR KHAN, LLC**
Major Khan
1120 Avenue of the Americas
Suite 4100
New York, NY 10036
Telephone: (646) 546-5664
Facsimile: (646) 546-5755

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

  I, Mark Levine, hereby certify that a copy of the foregoing document, filed through the ECF system on July 15, 2010, was sent electronically on that date to the registered participants as identified in the Notice of Electronic Filing


Dated:  July 15, 2010

                _____/s/ Mark Levine_____