# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS U. KENNEY, on Behalf of Himself and a Class of Persons Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> STATE STREET CORPORATION; NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION; ALISON QUIRK; PAMELA GORMLEY; ROSS MCLELLAN; DAVID O'LEARY; SKIP CURTRELL; JAYNE DONAHUE; DAVID GUTSCHENRITTER; JAMES MALERBA; STATE STREET CORPORATION INVESTMENT COMMITTEE; and JOHN DOES 1-10 <br><br> Defendants. | Case No. 1:09-cv-10750 (PBS)(JGD) <br><br> **CLASS ACTION** |

**PLAINTIFF'S [CORRECTED] MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Thomas U. Kenney ("Plaintiff") hereby respectfully submits this Memorandum in Opposition to Defendants' Motion for Summary Judgment (the "Motion") and requests that this Court deny Defendants' Motion in its entirety.

## I.     INTRODUCTION

Plaintiff, a Participant in the State Street Salary Savings Program (the "Plan"), brings this action on behalf of himself and all other Participants in the Plan "for plan-wide relief" from Defendants' alleged breaches of fiduciary duty in violation of the Employee Retirement Income Security Act ("ERISA") § 404, 29 U.S.C. § 1104. *See, e.g.,* ¶1.[1]  On March 15, 2010, this Court issued its Memorandum and Order (the "Order") [Docket No. 56] denying in part and granting, without prejudice, in part Defendants' Motion to Dismiss.

In the Order, the Court held that Plaintiff "has stated a claim that State Street negligently misrepresented the quality and riskiness of its conduits and investment portfolio assets in [its] October 15[, 2008] statement" issued in a press release and in conjunction with a filing on Form 8-K with the Securities and Exchange Commission ("SEC").  While the Court dismissed the Complaint's other claims, it did so without prejudice, and at the April 29, 2010 status conference and in Plaintiff's Report for April 29 Conference ("Plaintiff's Report") [Docket No. 61], Plaintiff's counsel informed the Court that Plaintiff intended to file a second amended complaint.  Further, on May 7, 2010, this Court ordered that any motion to file an amended complaint must be filed within 3 months.  *See* Dockets Nos. 62 and 66.

Now, Defendants have prematurely filed the current Motion, approximately one month prior to the deadline for the filing of Plaintiff's motion to file his second amended complaint,

---

[1] Unless otherwise specifically identified, all "¶" mean and refer to the Amended Complaint for Breach of Fiduciary Duty and Violation of ERISA Disclosure Requirements (the "Complaint"), filed with this Court on July 20, 2009.

1

forcing Plaintiff to oppose a motion for summary judgment which only argues that Defendants cannot be liable to Plaintiff, the Class, and the Plan because Plaintiff did not read Defendants' October 15, 2008 statement. More importantly – which Defendants failed to comprehend – Plaintiff – like the rest of the Class and investing public – also did not read all the true information regarding the financial condition of the Company which Defendants did not provide to the investing public.

As a result of Defendants' omissions, Plaintiff respectfully requests that this Court refuse to grant summary judgment in their favor because (i) Plaintiff does not need to prove individualized reliance and/or that he actually read the false and misleading statement and related omissions to prove his claims on behalf of himself and the Class and the Plan; (ii) Defendants proffered evidence is not sufficient at this stage of the litigation for them to be entitled to judgment as a matter of law; and (iii) Defendants' Motion is premature in light of Plaintiff's anticipated motion to amend.

## II.  ARGUMENT

### A.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure find summary judgment to be appropriate when "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue to any material fact and that the moving party is entitled to judgment as a matter of law." *See also*, *Barbour v. Dynamics Research Corp.*, 63 F. 3d 32, 36-37 (1st Cir. 1995); *Fresenius Medical Care Holdings, Inc. v. United States*, 2010 U.S. Dist. LEXIS 6373, at *7 (D. Mass. June 25, 2010). The Court must "view the facts in the light most favorable to the non-moving party, drawing all reasonable

inferences in that party's favor." *Fresenius Medical Care Holdings, Inc. v. United States*, 2010 U.S. Dist. LEXIS 6373 at *7, quoting, *Barbour*, 63 F.3d at 36 (citation omitted).

The burden at summary judgment is on the moving party to "show that there is an absence of evidence to support the nonmoving party's position." *Fresenius Medical Care Holdings, Inc. v. United States*, 2010 U.S. Dist. LEXIS 6373, at *7, quoting, *Rogers v. Fair, 902 F. 2d 140, 143* (1st Cir. 1990). If the moving party meets his burden, "the burden shifts to the non-moving party, who 'may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial.'" *Barbour*, 63 F.3d at 37 (quoting *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 256 (1986)). The non-moving party must establish that there is "sufficient evidence favoring [its position] for a jury to return a verdict [in its favor]. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Fresenius Medical Care Holdings, Inc. v. United States*, 2010 U.S. Dist. LEXIS 6373 at *7, quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S.242, 249-50 (1986) (internal citations omitted).

In this case, Defendants have failed to meet their initial burden.

### B. ISSUES OF RELIANCE DO NOT REQUIRE DISMISSAL OF THIS ACTION

Pursuant to the terms of the Order, and until this Court allows Plaintiff to file his second amended complaint, this is a Class action which concerns allegations "that State Street's ["October 15, 2008, Form 8-K and Press Release"] 'were materially false and misleading in that they misrepresented the truth about the Company, and misleading concealed material adverse information,'" in breach of Defendants' fiduciary duties owed to Plaintiff, Participants and the Plan. *See* Order at 17 (quoting Complaint), 23 and 25. As a result of this alleged breach, Plaintiff's Complaint contends that Defendants "shall be personally liable to make good **to the**

**Plan** any losses **to the Plan** resulting from each breach and shall be subject to such other equitable and remedial relief as the court may deem appropriate." *See, e.g.*, ¶77 (emphasis added). Because of the class nature of this litigation, and fact that any recovered losses will go to and through the Plan, and because this case substantially concerns what Defendants did not tell the Class and the investing public, individualized reliance questions do not affect Plaintiff's claims.

According to the United States Supreme Court, in a case which "involv[es] primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery." *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 152-53 (1972) (finding that the Court of Appeals erred holding there was no violation of Rule 10b-5 unless the record disclosed evidence of plaintiff's reliance on defendants' "fact misrepresentations"). Further, as recognized, *inter alia*, in *In re Tyco International Ltd. Multidistrict* Litigation, 2006 U.S. Dist. LEXIS 58278 (D.N.H. 2006), the presumption of reliance found in *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972), applies not only in securities class action context, but also in ERISA class actions as "the logic of *Affiliate Ute* lends itself equally well to a claim like plaintiffs' misrepresentation count because it would be 'practically impossible' for plaintiffs to prove that they relied on information that was never provided to them." *Id*.

In this action, Plaintiff is not just alleging that Defendants made a misleading statement on October 15, 2008, he is also alleging that Defendants omitted substantial information regarding the true financial condition of the Company. This information, which Defendants knew or should have known, included, information regarding the true risks of the Company's conduit portfolio. Further "[w]hile there were lengthy, turgid disclosures in the SEC filings, they did not clearly explain the risks posed by 'first loss' notes, 'monoline insurance,' the 'financial

4

modes,' or the 'off balance sheet' assets. *Id*. at 25.  By not "clearly explain[ing] the risks," these disclosures assisted Defendants in omitting a truth which may have helped Plaintiff and the Class understand the Company's problems related to the conduits.  Ironically, a grant of summary judgment would mean that Plaintiff had to somehow mysteriously prove that he understood these risks, even though defendants "did not clearly explain" them and omitted certain material information. *Id.*  Moreover, Defendants seemingly misunderstand that with each misleading statement issued, the truth is omitted. *See, e.g., Finley v. Dun & Bradstreet Corp.*, 471 F. Supp. 2d 485, 496 (D.N.J. 2007) ("Moreover, the Supreme Court has made clear that fiduciary duties may not be evaded by this type of approach: 'any distinction between omissions and misrepresentations is illusory in the context of [one] who has a fiduciary duty. . . . ) (internal citations omitted)). [2]

Tellingly, the underlying facts of this action are similar to the underlying facts of the *Tyco*, cited *supra*, wherein pension plan participants charged that a public company and certain of its officers/directors violated their fiduciary duties owed to a class of participants by having made a misrepresentation about the company's business.  The *Tyco* participants further contended that any losses as a result of the breach were owed to the plan. *See Tyco*, U.S. Dist. LEXIS 58278, *22, n.6.  As a result, and in light of *Affliliate Ute*, the *Tyco* court found it reasonable to not require individualized reliance by the proposed class representative

---

[2]  *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*¸ 552 U.S. 148, 159 (2008), cited by Defendants, does not refute Plaintiff's position – it only reiterates it.  Indeed, the reason the *Stoneridge* plaintiff was required to prove reliance was because the defendant respondents therein, unlike Defendants herein, "had no duty to disclose; and their deceptive acts were not communicated to the public."  This is clearly not the facts of this case nor is it what this Court held in its Order on Defendants' Motion to Dismiss.  Nor is the issue of duty to disclose a basis for the motion.  Therefore, at least for purposes of this motion, Defendants concede the duty to disclose.

5

participants. *See also, Nelson v. IPALCO Enters., Inc.,* No. IP02-477CHK, 2003 U.S. Dist. LEXIS 26392, at *14-15, (S.D. Ind. Sept. 30, 2003) (rejecting individual reliance argument where "relevant representations were distributed or made available on a class-wide basis").

In contrast, neither *Mauser v. Raytheon Co. Pension Plan for Salaried Employees,* 239 F.3d 51, 54-55 (1st Cir. 2001), nor *Davis v. First Union Corp. Long Term Disability Plan,* 213 F. Supp. 2d 29, 35 (D. Mass 2002), relied on by Defendants, are dispositive of this action. *See, e.g.,* Motion at 5. First, unlike this action and *Tyco*, neither *Mauser* nor *Davis* brought a class action to make good on losses to an employee investment plan under ERISA related to the underlying risks in investing in the employer company stock. Second, the underlying facts of both actions were very different from this action, and both courts found it was reasonable for *Mauser* and *Davis* to only expect specific personal benefits in accordance with their company's respective plan, even if they changed the direction of their life because they anticipated those benefits.

Plaintiff *Mauser* was a Raytheon employee who, while claiming to have relied on the deposit of certain funds in his retirement account because of a supposed structural change to the Raytheon retirement plan, made a series of lavish personal expenditures for himself and his family. However, under the terms of the Raytheon plan, *Mauser* did not qualify for the structural change. *Id*. at 53. Because *Mauser* could not demonstrate that he engaged in the lavish expenditures as a result of "reliance on reasonable expectations formed after reading the Plan Summary," he could not recover under ERISA. *Mauser*, 239 F.3d at 55. Put simply, *Mauser* thought he qualified for the structural change but there was nothing in the plan documents that should have led him to that proposition – he just misunderstood the qualifications for the change. As a result, *Mauser* could not claim that he relied on the defendants' statements in the plan.

6

This fact pattern is entirely dissimilar to this case where plaintiff reasonably relied on defendants to act within their fiduciary duties when, in fact, as alleged by plaintiff, they did not.

Similarly (but very tragically, as recognized by Judge Ponsor, due to the plaintiff's devastating medical problems), plaintiff *Davis* began working at a new job and worked in the locations designated by the defendant company for approximately two months. However, during the third month plaintiff *Davis* became seriously ill as a result of multiple sclerosis and began working at home for approximately two more months. According to the terms of her company's disability plan, she was entitled to long-term disability after three months of "Active Employment" without an interruption by "Injury or Sickness." Regrettably, the term "Active Employment" required her to work for her employer either at the employer's regular place of business or at a location she was required to be at as a result of the employer's business. *Davis*, 213 F.Supp. 2d at 30-31. While she did continue to work despite serious illness and expected to qualify for long-term disability benefits, she could not show reliance on the company's summary plan description because she misunderstood the terms of the plan. *Id.*, at 35. Therefore, while horrible under the circumstances, the First Union Corporation Long Term Disability Plan was within its rights to deny her benefits. In contrast, Plaintiff did not misunderstand anything that Plan provided as is relevant to this information – instead, Defendants misleadingly omitted material financial information regarding the Company.

In contrast, Plaintiff does not need to allege reliance because the claims asserted herein are based on Plan-wide, uniform communications, and reliance may be presumed. *See, e.g.*, *In re JDS Uniphase Corp. ERISA Litig.*, No. 03-cv-4743, 2005 U.S. Dist. LEXIS 17503, at *42-43 (N.D. Cal. July 14, 2005) (noting a distinction between individual benefits claims for which reliance is necessary and plan-wide claims under which reliance may be presumed); *Brieger v.*

*Tellabs, Inc.*, 245 F.R.D. 345, 354 (N.D. Ill. 2007) ("Because defendants do not dispute that the distributed information in a Plan-wide and broad manner, the [c]ourt finds that individual determinations as to plaintiffs' reliance on this information likely will be unnecessary.")

Indeed, none of the case law cited by Defendants is dispositive of this action.[3] For example, in *In re Computer Sciences Corp. ERISA Litig.*, 635 F. Supp. 2d 1128, 1142 (C.D. Cal. July 13, 2009), which is currently on appeal, the district court actually held that the plaintiffs "need not show detrimental reliance, but instead need only show that 'there was a fiduciary breach and that but for the breach, the Plan's assets would have been greater.'" *Id.* at 1143. Moreover, as recently explained by Judge Selna, of the United States District Court for the Central District of California, any requirement of reliance by a court within the Ninth Circuit is a violation of its precedent.

In *In re First Am. Corp. ERISA Litig.*, 2009 U.S. Dist. LEXIS 72188 at *22-23 n.7 (C.D. Cal. July 27, 2009, Judge Selna found that, in relevant part:

> But the law of this circuit is distinguishable from the First American Defendants' cited cases. *Compare Barker v. Am. Mobil Power Corp.,* 64 F.3d 1397, 1403 (9th Cir. 1995) ("[An ERISA] fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance, even when a beneficiary has not specifically asked for the information."), *and Farr v. U.S. West Commc'ns, Inc.,* 151 F.3d 908, 914 (9th Cir. 1998), *as amended,* 179 F.3d 1252 (9th Cir. 1999) (quoting *Barker* and holding that the employer had breached its fiduciary duty by withholding information about the potential negative tax consequences of accepting an early retirement incentive), *with In re Schering-Plough Corp. Erisa Litig.,* No. 03-1204 (KSH), 2008 U.S. Dist. LEXIS 89718, 2008 WL 4510255, at *10 (D.N.J. Jan. 31, 2008) ("The Third Circuit has consistently held that proof of individual detrimental reliance is a necessary element of an individual ERISA § 502(a)(3) disclosure claim."), *and In re Electronic Data Systems Corp. "ERISA" Litig.* 224 F.R.D. 613, 630 (E.D. Tex. 2004) ("In the context of a breach-of-fiduciary-duty suit for misrepresentations

---

[3] *In re Elec. Data Sys. Corp.*, 224 F.R.D. 613 (E.D. Tex. 2004) and *Thomas v. Aris Corp.*, 219 F.R.D. 338 (M.D. Pa. 2003), are not dispositive because these cases did not include allegations of reliance.

8

about a benefits plan's potential changes, the Fifth Circuit adopted a fact-specific approach to determine whether the alleged misrepresentations were material.").

*Id*.

For the reasons outlined *supra*, Plaintiff respectfully requests this Court follow, *inter alios*, the standard provided by the *Tyco* court and the Ninth Circuit, as outlined *supra*, and not require that ERISA plaintiffs, such as Mr. Kenney, must prove "individual detrimental reliance" to maintain an ERISA claim for misrepresentation made on behalf of a class of participants in a retirement investment plan and which will benefit the plan as a whole.

### C.  DEFENDANTS' MOTION IS PREMATURE

Despite being aware that Plaintiff intends to file a second amended complaint, Defendants filed their Motion without conferring in good faith with Plaintiff's counsel as required by Local Rule 7.1(a)(2).  Rule 7.1(a)(2) states that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."  This District has further emphasized the importance of this rule by stating that "Local Rule 7.1 cannot simply be ignored.  Defendants' counsel did not make a serious effort to confer with plaintiff's counsel prior to filing the earlier motion to exclude[.]" *Jalbert v. Grautski*, 2009 U.S. Dist. LEXIS 11052, at *11 (D. Mass. Feb. 12, 2009) (Defendants' email and subsequent next day filing of their Motion did not constitute a good faith attempt at conferring with Plaintiff and was, therefore, not in compliance with Local Rule 7.1(a)(2).)

In this action, on June 29, 2010, counsel for Defendants sent counsel for Plaintiff an email stating:

> Defendants will soon move for summary judgment. An exhibit will be your client's yearly account statements (produced prior to the deposition). We are willing to file them under seal because they contain personal information. Will you assent to a motion to impound?

9

*See* Declaration of Mark Levine Filed in Support of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Levine Decl.") at ¶6; Plaintiff's Statement of Material Fact for Which There is Genuine Dispute to be Tried ("SMF") at ¶8.

On that same day Plaintiff's counsel responded to the email stating that "[a]ny motion [Defendants] make which contains any of our client's personal financial records should be filed under seal so [Defendants] should make a motion to impound." Levine Decl. at ¶7; SMF at ¶9. Two days later, on July 1, 2010, counsel for Defendants responded to Plaintiff's counsel's email stating that Defendants "assume we're not going to talk you out of your case, but if you wish to further confer regarding Defendants' summary judgment motion (see LR 7.1), please let me know asap." *See* Levine Decl. at ¶8; SMF ¶10. That same day, without waiting for a response from Plaintiff's counsel or attempting to contact counsel any further, Defendants filed their Motion (without certifying "that they have conferred and have attempted in good faith to resolve or narrow the issue" as required by the Local Rules). Levine Decl. at ¶¶9-10; SMF at ¶¶11-12.

Defendants' failure to confer "in good faith to resolve or narrow the issue" is meaningful because, if they did, Plaintiff's counsel would have reiterated that Plaintiff was in the process of drafting, with the intention of filing shortly, their Second Amended Complaint. Further, if Defendants had meaningfully met and conferred, Plaintiff would have had the opportunity to coordinate filing to at least attempt to simultaneously place their motion to amend before the Court. Instead, Plaintiff's counsel has had to put their motion to amend aside to oppose Defendants' current Motion.

Indeed, on July 9, 2010, after Defendants filed their Motion, Plaintiff's counsel emailed a copy of Plaintiff's draft second amended complaint pursuant to Local Rule 7.1 in attempt to gain Defendants' consent or non-opposition. Defendants' counsel have subsequently indicated to

10

Plaintiffs' counsel that their client is reviewing the complaint and should be able to communicate their position by the end of the week. Levine Decl. at ¶¶11-12; SMF at ¶¶14-15. Plaintiff is awaiting Defendants' response.

Therefore, Plaintiff respectfully requests that this Court not consider Defendants' Motion until after resolving Plaintiff's motion for leave because: (i) his motion to file a second amended complaint adding certain claims (which were dismissed by this Court without prejudice) should be filed at or about the time Defendants' Motion is fully briefed; (ii) Defendants' failed to fully comply with Local Rule 7.1 prior to filing the Motion; (iii) Fed. R. Civ. P. 15(a)(2) provides that the "Court should freely give leave [to amend a pleading] when justice so requires;" and (iv) Plaintiff reasonably believes that any second amended complaint will moot the current Motion.

## III.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court deny Defendants' Motion for Summary Judgment in its entirety or, in the alternative, delay any ruling on Defendants' Motion until after resolution of Plaintiff's motion to amend.

Dated:  July 16, 2010                                         Respectfully submitted,

                                                              **TODD & WELD, LLP**
                                                              Kevin T. Peters
                                                              28 State Street
                                                              Boston, MA 02109
                                                              Telephone: (617) 720-2626
                                                              Facsimile:  (617) 227-5777

                                                              **STULL, STULL & BRODY**

                                                   By:        /s/ Mark Levine
                                                              Mark Levine
                                                              6 East 45th Street
                                                              New York, NY 10017
                                                              Telephone: (212) 687-7230
                                                              Facsimile:  (212) 490-2022

11

**MAJOR KHAN, LLC**
Major Khan
1120 Avenue of the Americas
Suite 4100
New York, NY 10036
Telephone: (646) 546-5664
Facsimile: (646) 546-5755

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Mark Levine, hereby certify that a copy of the foregoing document, filed through the ECF system on July 16, 2010, was sent electronically on that date to the registered participants as identified in the Notice of Electronic Filing

Dated:  July 16, 2010

        /s/ Mark Levine