UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THOMAS U. KENNEY, on Behalf of Himself and a Class of Persons Similarly Situated, | : : : : | |
| Plaintiff, | : : | 1:09-cv-10750 (PBS)(JGD) |
| v. | : : | |
| STATE STREET CORPORATION; NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION; ALISON QUIRK; PAMELA GORMLEY; ROSS MCLELLAN; DAVID O'LEARY; SKIP CURTRELL; JAYNE DONAHUE; DAVID GUTSCHENRITTER; JAMES MALERBA; STATE STREET CORPORATION INVESTMENT COMMITTEE; and JOHN DOES 1-10 | : : : : : : : : : : : : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff Thomas U. Kenney ("Plaintiff"), by his attorneys, submits this memorandum of law in support of his Motion for Leave To File a Second Amended Complaint (a copy of which is attached to Plaintiff's Motion for Leave to File a Second Amended Complaint), pursuant to Federal Rule of Civil Procedure 15(a)(2).

**I.   INTRODUCTION**

In this action, Plaintiff, a participant in the Plan who had a significant portion of his retirement savings invested in State Street's Employee Stock Ownership Plan (the "ESOP"),

brought claims against State Street Corporation, the Benefits and Investment Committees of its Board of Directors, and the individual members thereof (collectively, "Defendants" or "State Street") for lack of prudence in managing the Plan and negligently misrepresenting and failing to disclose material facts about State Street's financial condition during a period running from January 3, 2008, to January 20, 2009.  According to the Amended Complaint, during that time, Defendants exposed the company to over $9 billion in potential losses through high-risk assets held in its investment portfolio and asset-backed commercial paper conduits, which led to a massive decline in State Street's stock value (for example a 60% one-day decline when significant acceleration of the unrealized losses was announced).  It is Plaintiff's contention that Defendants mismanaged Plan assets and breached their Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, duties of prudence and loyalty by continuing to maintain Plan funds in State Street stock or continuing to permit Plan funds to be invested in State Street stock.  Additionally, Plaintiff contends that the Individual Defendants breached their duty of loyalty by failing to act solely in the Plan participants' interests and that State Street failed to appoint, monitor, and inform the committees and their members so as to ensure adequate management of the Plan.

Defendants moved to dismiss Plaintiff's Amended Complaint in its entirety, but the Court, in its March 15, 2010 Memorandum and Order (Docket No. 56) (the "March 15 Order"), denied Defendants' motion to dismiss with respect to Plaintiff's claim regarding a statement about the quality of the State Street conduits' portfolio assets in its October 15, 2008, Form 8-K and Press Release.  The remaining claims were dismissed without prejudice.

Of the imprudence claim, which was dismissed by the Court in its March 15 Order, the Court stated:

> It is unclear whether the continued off-balance sheet treatment of conduits is an overly aggressive accounting gimmick or a prudent investment strategy. Because the investments are opaque and highly complex, plaintiff must allege sufficient facts to demonstrate that it was imprudent to invest in State Street stock because of the riskiness of these portfolio and conduit assets during the class period. Conclusory allegations of riskiness will not suffice. The Court dismisses the imprudence claim without prejudice.

March 15 Order at 17. Notably, however, the Court agreed with Plaintiff's counsel and rejected Defendants' contention that the presumption of prudence drawn from *Moench v. Robertson*, 62 F.3d 553 (3d Cir. 1995), applied. (March 15 Order at 11-14). Such a presumption would have significantly increased the pleading burden on Plaintiff. Plaintiff now believes, in his proposed Second Amended Complaint, he has more specifically alleged facts sufficient to show that permitting Plan Participants to invest their money in State Street stock was imprudent of Defendants because of the riskiness of that part of State Street's business involving the off-balance sheet conduits. The Second Amended Complaint alleges that such lack of prudence existed at least during the period from August 28, 2007 to January 20, 2009 (the new "Class Period"). For example, the proposed Second Amended Complaint, in paragraphs 45 through 102 explains the structure of the conduits, explains the risks to State Street in connection with the conduits and discusses external factors surely known to Defendants that enhanced the risk to State Street such as market turbulence, questions about the reliability of ratings services and a melt down of the insurance companies that provided insurance to many of the assets contained within the conduits. Furthermore, in paragraphs 105 to 130 of his proposed Second Amended Complaint, Plaintiff alleges a series of additional materially misleading statements or statements containing material omissions issued by Defendants during the Class Period, which like Plaintiff's claim regarding the misleading statement and omission in the October 15, 2008, Form

8-K and Press Release that this Court found actionable, show that Defendants were misrepresenting the quality of the assets held by State Street's conduits or not fully explaining the risks associated with the conduits so that they could be understood by the reasonable investor.[1]

## II. THE APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires," and "reflects a liberal amendment policy." *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 733 (1st Cir. Mass. 2007) (citing *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (1st Cir. 2004)).  The leave sought should be granted unless there exists undue delay, bad faith, repeated failure to cure deficiencies, or dilatory motive of the requesting party, or the amendment would be futile.  *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 733-734 (1st Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009) (citing *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006)).

## III. PLAINTIFF SATISFIES THE APPLICABLE LEGAL STANDARD

Because Plaintiff's motion for leave to file the proposed Second Amended Complaint satisfies the applicable legal standard for leave to amend, the Court should allow Plaintiff to file his proposed Second Amended Complaint.

---

1  While the use of the conduits appears to be an "accounting gimmick" in that it facilitated State Street avoiding to incorporate the losses by the conduits in its reported earnings, at this time thereby permitting it to report earnings that could mask the Company's true financial condition, Plaintiff is not alleging that the accounting for the conduits violated Generally Accepted Accounting Standards.  One thing that did result from the accounting for the conduits was that it meant that State Street's reported earnings would not give an accurate snapshot of State Street's current financial condition unless considered in the context of the conduit's unrealized losses.

### A. There Is No Evidence of Undue Delay, Repeated Failure to Cure Deficiencies, or Dilatory Motive

Plaintiff has not unduly delayed amendment. In fact, on May 7, 2010, this Court entered an electronic order that "[a]ny Motion to Amend shall be filed within 3 months."[2] Plaintiff's motion to amend, therefore, is timely, and because it is being filed well within the time frame set by this Court, shows no dilatory motive.

Furthermore, there has not been any failure by Plaintiff to cure deficiencies, let alone a repeated failure to do such. Plaintiff amended his complaint once, as a matter of right, on July 20, 2009, before Defendants answered or responded to the initial complaint. That amendment was agreed to by all parties (*see* Docket No. 8) and done because Section 104 of ERISA affords participants in ERISA plans the right to receive certain information relating to the plan, and once Plaintiff received that information, he decided to file an amended complaint to reflect that additional information. As set forth in this Court's March 15 Order, Plaintiff's amended complaint survived Defendants' motion to dismiss with respect to Plaintiff's claim regarding a statement about the portfolio asset quality of State Street's conduits in its October 15, 2008, Form 8-K and Press Release. The remaining claims in Plaintiff's amended complaint were dismissed without prejudice. Now, through the instant motion, and for the first time, Plaintiff is seeking to cure what the Court found to be deficiencies in the Amended Complaint dismissed without prejudice by this Court.

### B. There is No Evidence of Bad Faith

Plaintiff, here, seeks to supplement its *bona fide* ERISA claims with further allegations of how and why Defendants breached their fiduciary duties. Again, Plaintiff seeks leave to

---

[2] Because this order revised an order from April 27, 2010, the three month period may be

introduce allegations to further support the claims which Defendants have known about since the inception of this case. Plaintiff seeks to amend now, not for improper purposes, but because the imprudence claim dismissed by this Court, seems to have been done so only by a narrow margin, and in large part because, as this Court put it, whether or not State Street common stock was an imprudent choice for the Plan participants is "unclear" and "the investments [which are the subject of this action] are opaque and highly complex." March 15 Order at 17.

Until the Court's March 15 Order, no deficiencies had yet been found in Plaintiff's allegations. While Plaintiff's current pleading already states a claim under ERISA, Plaintiff believes that he and the Class will be better served by additional and more detailed pleadings alleging how and why Defendants violated their fiduciary duties and more detail, which is provided, explaining the riskiness of the conduits. In fact, the March 15 Order makes clear that the only route to reinstating an imprudence claim was to amend and more clearly spell out the riskiness of the conduits.

### C. Amendment Is Not Futile

"Futility" means that the complaint, as amended, "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 Moore's Federal Practice P 15.08[4], at 15-80 (2d ed. 1993); *Vargas v. McNamara*, 608 F.2d 15, 17 (1st Cir. 1979)). Again, Plaintiff has already stated a claim in this action with respect to Defendants' statement about the quality of State Street's conduits' portfolio assets in State Street's October 15, 2008, Form 8-K and Press Release. This claim survived Defendants' motion to dismiss. The imprudence claim, which Plaintiff wishes to re-allege but this time with more detailed facts explaining the structure of the conduits and the riskiness of the conduits, was

---

measured from April 29, 2010 rather than May 7, 2010. Either way, the motion is timely made.

dismissed by this Court (without prejudice) because, as this Court stated, "the investments [which are the subject of this action] are opaque and highly complex," and the Court could not determine based on the allegations at that time "whether the continued off-balance sheet treatment of conduits is an overly aggressive accounting gimmick or a prudent investment strategy." March 15 Order at 17. Plaintiff believes that his proposed Second Amended Complaint alleges facts sufficient for this Court to make the determination that a claim is stated that it was imprudent for Defendants to permit class members to invest in or maintain their investments in State Street stock because the conduits were overly risky. Plaintiff's amendment as to the imprudence claim, therefore, should be able to withstand any motion on the pleadings.

In addition, First Circuit precedent and this Court's March 15 Order further demonstrate the likelihood of success of the imprudence claim in Plaintiff's proposed Second Amended Complaint because they hold that the presumption of prudence drawn from the Third Circuit's decision in *Moench*, 62 F.3d 553, does not apply to this case. *See* March 15 Order at 12-14 and thus, the burden on Plaintiff to establish that a claim is stated is not nearly as heavy as Defendants urged in the motion to dismiss.

Furthermore, the additional claims that Plaintiff would like to assert regarding other misstatements or failures to disclose by Defendants during the Class Period go to whether some of the disclosures that Defendants claimed on their motion to dismiss disclose all the risks associated with the conduits in fact omit to state material facts needed to make those statements not misleading. Hence, these new claims should also withstand any judgment on the pleadings, and amendment would not be futile.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff leave to file the proposed Second Amended Complaint filed herewith.

Dated: July 16, 2010

                                              Respectfully Submitted,

**TODD & WELD LLP**
Kevin T. Peters (BBO #550522)
28 State Street
Boston, MA 02109
Telephone: (617) 720-2626
Facsimile: (617) 227-5777

**STULL, STULL & BRODY**

By: /s/ Mark Levine
Mark Levine
James Henry Glavin IV
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

**MAJOR KHAN, LLC**
1120 Avenue of the Americas
Suite 4100
New York, NY 10036
Tel: (646) 546-5664
Fax: (646) 546-5755

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Mark Levine, hereby certify that a copy of the foregoing document, filed through the ECF system on July 16, 2010, was sent electronically on that date to the registered participants as identified in the Notice of Electronic Filing.

Dated July 16, 2010

/s/ Mark Levine