UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS U. KENNEY, on Behalf of Himself and )
a Class of Persons Similarly Situated )
)
Plaintiff, )
) Civil Action
v. ) No. 09-10750-PBS
)
STATE STREET CORPORATION, et al. )
)
Defendants. )

## STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the Plaintiff, Thomas U. Kenney ("Plaintiff" or "Kenney") and the Defendants, State Street Corporation ("State Street"), North American Regional Benefits Committee of State Street Corporation, Alison Quirk, Pamela Gormley, Ross McLellan, David O'Leary, Charles Curtrell, Jayne Donahue, David Gutschenritter, James Malerba, and State Street Corporation Investment Committee (collectively, the "Defendants") are parties to the above-captioned litigation (the "Litigation");

WHEREAS, Plaintiff and Defendants (collectively, the "Parties") expect that the Litigation may involve discovery that includes the production of certain information and documents that a Party believes is confidential and contains sensitive personal, commercial, proprietary financial, or business information;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the approval of the Court, that the following Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or exchanged in connection with discovery in the Litigation ("Discovery Material").

- 1 -

1. Any Party or third party producing Discovery Material in the Litigation (a "Producing Party") may designate Discovery Material produced by it as "Confidential" if the Producing Party believes in good faith that such Discovery Material contains or reflects non-public confidential, personal, financial, proprietary, or commercially sensitive information (all such designated material being referred to as "Confidential Discovery Material"). All information derived from Confidential Discovery Material, including but not limited to extracts, summaries, and descriptions of such material, shall be treated as Confidential in accordance with the provisions of this Stipulation and Order.

2. All Confidential Discovery Material and any documents or information derived therefrom, shall be used solely for purposes of the Litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other actual or contemplated judicial, administrative, or arbitral proceeding. Without limiting the generality of the foregoing, no Confidential Discovery Material may be used for any purpose whatsoever in connection with any other litigation now or ever pending against any Party.

3. The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner:

   a. In the case of documents (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; <u>provided, however</u>, that if a Producing Party inadvertently produces Discovery Material that it considers to be "Confidential" without such designation, the Producing Party may designate such Discovery Material as "Confidential" by delivering written notice of such designation and properly designated copies of such Discovery Material promptly after discovering that the information was inadvertently produced, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Stipulation and Order to Confidential

Discovery Material; the Receiving Party shall incur no liability for any failure to treat Confidential Discovery Material as such prior to said Discovery Material being designated as Confidential.

b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to counsel for the opposing Party within ten (10) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. All deposition transcripts and other pretrial testimony shall be treated as Confidential Discovery Material until the expiration of the tenth business day after receipt by counsel of a copy of the transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

4. Confidential Discovery Material may be provided only to counsel of record for the Parties and, unless otherwise directed by the Court, may be disclosed only to the following persons:

a. Plaintiff;

b. Defendants or any of their affiliates and present and former officers, directors and employees;

c. Counsel of record to the Parties in the above-captioned litigation, and the legal associates, paralegal and clerical or other support staff who are employed by such counsel or its client and are actually involved in assisting in the litigation;

d. The author(s), recipient(s), addressee(s), and person(s) copied with respect to the particular Confidential Material, and their counsel;

e. Experts, consultants, or investigators and their staff (collectively, "Experts") retained or consulted by counsel for the Parties to assist in the preparation of the Litigation, in accordance with the terms of Paragraph 6 below;

f. Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

g. Persons testifying at depositions;

h. Persons with prior knowledge or familiarity with the documents or the confidential information contained therein, and their agents;

i. Court reporters, including stenographers and video technicians transcribing proceedings in the Litigation;

j. Other persons to whom the Court specifically allows disclosure, after application by the Party seeking such disclosure and an opportunity to reply by the Producing Party or Parties;

k. Any court of competent jurisdiction before which the Litigation is pending;

l. Any mediator agreed upon by the Parties, and such mediator's employees and staff; and

m. Outside copy and computer services personnel for purposes of copying, imaging, or indexing documents.

5. Every person given access to Confidential Discovery Material or information contained therein shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for use in connection with the Litigation, shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order.

6. Confidential Discovery Material may be provided to persons listed in paragraph 4(e) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such expert or

consultant is using said Confidential Discovery Material solely in connection with this Litigation and provided further that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto.

7. In the event that counsel for any Party determines to file with the Court any Confidential Discovery Material or document treated as Confidential, counsel shall file a motion for impoundment pursuant to Local Rule 7.2. The Parties will assent to the filing of any motion to impound concerning any Confidential Discovery Material or documents designated as Confidential pursuant to this Stipulation and Order, without waiving any objections to the relevance or admissibility of such material. Only those documents or portions of documents containing Confidential Discovery Material shall be filed in a sealed envelope.

8. Any documents designated as "Confidential" may be used in any proceeding in the Litigation, including, if otherwise permissible, as evidence at any hearing or the trial of the Litigation, in open court, or on appeal, without violation of this Stipulation and Order, but Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Nothing in this Stipulation and Order, however, shall preclude a Party from seeking an appropriate protective order from the Court, should that Party seek to maintain the confidentiality of material used in open court.

9. Entering into or agreeing to this Stipulation and Order, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order, shall not: (i) operate as an admission by the receiving Party that any particular Discovery Material designated as Confidential by the Producing Party is appropriately designated as such; (ii) prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order; (iii) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential

Discovery Material; or (iv) prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

10. Any Party to this Stipulation may object to the designation by a Producing Party of any information or material as Confidential Discovery Material by serving a written objection upon the opposing Party. The Parties shall then attempt to resolve by agreement the question whether the document or information is entitled to confidential treatment. If the Parties are unsuccessful at reaching an agreement, nothing in this Stipulation shall preclude a Party from seeking judicial intervention to resolve the dispute. In any proceeding challenging the confidential designation of material, the burden shall be on the party asserting confidentiality to establish that the material is entitled to confidential treatment under the law.

11. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation. Within 60 business days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including without limitation any appeals therefrom, all persons having received Confidential Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party of such Confidential Discovery Material or destroy all such Confidential Discovery Material and certify that fact to counsel for the Producing Party. Outside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential Discovery Material); provided, however, that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof pursuant to the terms of this Stipulation and Order.

12. If a Party to this Stipulation receives a subpoena or other form of judicial process compelling disclosure of Confidential Discovery Material, the Party shall, at least fourteen (14) days prior to the demanded disclosure, provide counsel for the Producing Party written notice by facsimile

transmission or hand delivery of the subpoena or other form of judicial process calling for the disclosure of Confidential Discovery Material. If written notice cannot be provided at least fourteen (14) days prior to the time for production or other disclosure, the Party shall, in addition, give notice to counsel for the Producing Party by telephone. In no event shall production or disclosure be made before reasonable notice is given to counsel for the Producing Party. The purpose of this paragraph is to give the Producing Party an opportunity to object to the production or disclosure of Confidential Material pursuant to compulsory process.

13.     Nothing in this Stipulation shall prevent any Producing Party from using or disclosing its own documents or information. In addition, nothing in this Stipulation shall be construed in any way to control the use by a Party to this Stipulation of documents or information received at any time by that Party outside the course of the discovery process in this litigation.

14.     If any document or information protected from discovery by the attorney-client privilege, work-product doctrine, the exemption for trial preparation material, or on any other ground is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled, provided that, promptly after discovering that the document or information was inadvertently produced, the Producing Party describes the basis for the privilege and requests in writing (a "Return Request") that the other Party(ies) return all Discovery Material as to which the claim of inadvertent production has been made and destroy all copies or other material derived therefrom. All Discovery Material covered by a Return Request shall be returned and/or destroyed as requested within two business days of receipt of the Return Request. If a Party objects to the Return Request, that Party may, after returning or destroying the document(s) at issue, file a motion challenging the protected status of the subject Discovery Material within ten business days of receipt of the Return Request. Unless and until the Court rules otherwise, the challenging Party shall not

use the Discovery Material covered by the Return Request (or any material derived therefrom) for any purpose, other than as the subject of a motion challenging the Return Request.

15. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order  Any violation of the terms of this Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

16. This Stipulation and Order may be modified by the written agreement of the parties, subject to court approval or for good cause shown.

17. This Stipulation and Order may be executed in one or more counterparts.

18. A fax copy or scanned copy of the signature of counsel shall have the same effect as an original signature.

| Respectfully submitted,<br><br>THOMAS U. KENNEY<br><br>By his attorneys:<br><br>*/s/*<br>Kevin T. Peters (BBO #550522)<br>TODD & WELD, LLP<br>28 State Street<br>Boston, MA 02109<br>Telephone: (617) 720-2626<br>Facsimile: (617) 227-5777<br><br>Jules Brody<br>Edwin J. Mills<br>Mark Levine (admitted pro hac vice)<br>STULL, STULLl & BRODY<br>6 East 45th Street<br>New York, New York 10017<br>(212) 687-7230<br><br>Major Khan<br>MAJOR KAHN, LLC<br>20 Bellevue Street<br>Weehawken, NJ 07086<br>Telephone: (646) 546-5664<br>Facsimile: (646) 546-5755 | DEFENDANTS<br><br>By their attorneys:<br><br>*/s/*<br>Jeffrey R. Rudman (BBO No. 433380)<br>William H. Paine (BBO No. 550506)<br>John J. Butts (BBO No. 643201)<br>Timothy Perla  (BBO No. 660447)<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts, 02109<br>(617) 526-6000 |

SO ORDERED:


_____                    Dated: _____, 2010
The Honorable Patti B. Saris

**EXHIBIT A**

US1DOCS 7510145v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS U. KENNEY, on Behalf of Himself and a Class of Persons Similarly Situated <br><br> Plaintiff, <br><br> v. <br><br> STATE STREET CORPORATION, et al. <br><br> Defendants. | Civil Action <br> No. 09-10750-PBS |

I hereby certify (i) my understanding that Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order"), and (ii) that I have read the Stipulation and Order. I understand the terms of the Stipulation and Order, and I agree to be fully bound by its terms. Upon the conclusion of the Litigation and any appeals related hereto, or when I no longer have any reason to possess the Confidential Discovery Material, whichever shall first occur, I hereby agree to return all copies of information designated "Confidential" to the party who furnished the same to me or certify that the same has been destroyed.

Dated:_____ Signature:_____