## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS U. KENNEY, *on Behalf of Himself and a Class of Persons Similarly Situated,* ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 09-cv-10750-PBS (JGD) |
| v. ) ) | |
| STATE STREET CORPORATION; NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION; ALISON QUIRK; PAMELA GORMLEY; ROSS MCLELLAN; DAVID O'LEARY; SKIP CURTRELL; JAYNE DONAHUE; DAVID GUTSCHENRITTER; JAMES MALERBA; STATE STREET CORPORATION INVESTMENT COMMITTEE; and JOHN DOES 1-10 ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Jeffrey B. Rudman (BBO No. 433380)
William H. Paine (BBO No. 550506)
John J. Butts (BBO No. 643201)
Timothy Perla (BBO No. 660447)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts, 02109
(617) 526-6000

Plaintiff's Opposition only serves to confirm that judgment should enter for Defendants on Plaintiff's claim for negligent misrepresentation, which is the only claim left in this case. In particular, the Opposition: (i) does not dispute that Plaintiff did not rely on, or even read, the statement he challenges; (ii) ignores controlling First Circuit authority requiring reliance, and argues instead that Plaintiff is entitled to a supposed "presumption" of reliance that is both legally inapplicable (*Affiliated Ute* does not apply here) and factually rebutted (by Plaintiff's admission of *actual* non-reliance); and (iii) otherwise spotlights the weakness of Plaintiff's position by resorting to contrived procedural arguments in the hope of delaying the Court's consideration of this motion.

## ARGUMENT

### I.      Plaintiff's Admitted Non-Reliance Is Dispositive.

Notwithstanding the allegation that Plaintiff relied upon Defendants' alleged misrepresentations to his detriment, it is now undisputed that he did *not* rely them. *See* First Am. Compl. ¶¶ 1, 80 (falsely asserting that "participants," expressly defined to include Mr. Kenney, "relied upon … Defendants' material misrepresentations to their detriment"). Plaintiff admitted at his deposition that he had *"[a]bsolutely not"* read, let alone relied on, the October 15, 2008 Form 8-K that is the subject of his claim; and nothing in the Opposition suggests otherwise. *See* Defendants' Statement of Undisputed Facts ¶ 6; Plaintiff's Response to Defendants' Statement of Undisputed Facts (failing to dispute any facts).

Defendants are therefore entitled to judgment because the First Circuit has expressly held that ERISA misrepresentation claims require evidence of detrimental reliance. *See Mauser v. Raytheon Co. Pension Plan for Salaried Emps.*, 239 F.3d 51, 55, 58 (1st Cir. 2001).[1]  *Mauser* is

---

[1]     Detrimental reliance is also required in other circuits. *See, e.g., Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 830 (6th Cir. 2007) (to establish a breach of fiduciary duty based upon misrepresentations, a plaintiff must show "that the plaintiff relied on those misrepresentations to [his] detriment"); *Burstein v. Ret. Account Plan for Emps. of*

both on point and controlling.  As in this case, Mauser filed suit challenging the accuracy of information in a summary plan description.  The First Circuit entered judgment for defendants because there was "no evidence that [plaintiff] significantly or reasonably relied on the Plan Summary."  239 F.3d at 56; *see also Davis v. First Union Corp. Long term Disability Plan*, 213 F. Supp. 2d 29, 35 (D. Mass. 2002) (ERISA challenge to summary plan description failed because "plaintiff cannot show, and has not attempted to show, reliance on the SPD").  The undisputed evidence shows that the same is true here.

Plaintiff tries to evade *Mauser* through a flawed argument that reliance should "be presumed" since he is challenging a "Plan-wide, uniform communication."  Opp. at 7.  To begin with, even if a presumption of reliance was applicable in a case like this (and it is not, *see infra* at 4-5), it would not save Plaintiff from this motion because the presumption would necessarily be rebutted by the undisputed evidence showing Plaintiff's actual non-reliance.  *See Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 158 (2008) (expressly stating that *Affiliated Ute* reliance presumption is rebuttable); *see, e.g., Regents of Univ. of Cal. v. Credit Suisse First Bos. (USA), Inc.*, 482 F.3d 372, 384 (5th Cir. 2007) (presumption is rebutted where "plaintiff would have behaved identically had he been aware of the omitted information" (citation omitted)); *Edgington v. R.G. Dickinson & Co.*, No. 90-1274-C, 1992 WL 24747, at *3 (D. Kan. Jan. 14, 1992) ("The court finds that [Defendant] successfully rebutted the presumption of reliance through the [Plaintiff's] testimony that they did not read or rely on the official statement.").[2]

---

*Allegheny Health Educ. & Research Found.*, 334 F.3d 365, 387 (3d Cir. 2003) (in order to state a claim for misrepresentation by an ERISA fiduciary, a plaintiff must allege detrimental reliance); *Brant v. Principal Life & Disability Ins. Co.*, 50 F. App'x 330, 332 (8th Cir. 2002) ("An ERISA breach-of-fiduciary-duty claim . . . requires proof of reasonable and detrimental reliance").

[2]     The cases that Plaintiff cites in support of the supposed presumption do not help his cause because none of them addressed a situation where, as here, the named plaintiff's non-reliance was undisputed.  *See In re JDS Uniphase Corp. ERISA Litig.*, No. 03-04743, 2005 U.S. Dist. LEXIS 17503, at *44 (N.D. Cal. Jul. 14, 2005) (denying motion

Moreover, Plaintiff's implication that *Mauser* did not challenge a "Plan-wide, uniform communication" is incorrect.  *Mauser* challenged a summary plan description, not an individualized communication.  239 F.3d at 55.  Plaintiff elsewhere implies that *Mauser* is distinguishable because the statement at issue in that case concerned a plan benefit, while the statement at issue here concerned one of the Plan's investment options.  There is nothing, however, in the First Circuit's decision (or in Plaintiff's discussion of *Mauser*) that in any way suggests that the subject matter of a statement controls whether reliance is required.

The fact that *Mauser* was an individual action is also meaningless.  In the first place, the substantive elements of a legal claim do not depend on whether a complaint is filed as an individual action or as a putative class action.  *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S.Ct. 1431, 1443 (2010) ("A class action … merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits.  And like traditional joinder, it leaves the parties' legal rights and duties intact and the rules of decision unchanged.").  Also, notwithstanding Plaintiff's contention that he is seeking to recover losses "to the Plan" (Opp. at 3-4), he cannot cure the failings of his own claim by purporting to represent other participants.  As Judge Gertner has explained, when a participant in a defined contribution plan (like State Street's (Am. Compl. ¶ 28)) sues to recover an alleged financial loss, the claim is individual in nature.  *See Bendaoud v. Hodgson*, 578 F. Supp. 2d 257, 266 (D. Mass. 2008) (explaining the distinction between defined benefit and defined contribution plans, and that "[o]ne defined contribution plan participant has no pecuniary interest in the accounts of

---

to dismiss based, in part, on reliance element and noting, "whether factual development of the claim and further briefing will support plaintiffs' claim remains to be seen"); *In re First Am. Corp. ERISA Litig.*, 258 F.R.D. 610, 620 n.7 (C.D. Cal. 2009) (denying a motion for class certification stating, in dicta, and noting uniqueness of Ninth Circuit law regarding disclosure requirements of ERISA fiduciaries); *Nelson v. Ipalco Enterprises, Inc.*, No. 02-0477, 2003 U.S. Dist. LEXIS 26392, at **12-14 (S.D. Ind. Sept. 30, 2003) (certifying a class in the absence of any "supporting evidence" that class members faced problem with respect to reliance).

another").[3]  If a plaintiff cannot pursue an individual claim, he "cannot seek recovery on behalf

of another plan participant's financial loss."  *Id.* (holding, based on *LaRue v. DeWolff, Boberg &*

*Assocs.*, 128 S.Ct. 1020, that the only participants who can sue "on behalf of the plan" to recover

a financial loss are (i) defined contribution plan participants who can pursue an individual claim

and (ii) defined benefit plan participants).[4]

## II.   The Only Claim at Issue is Plaintiff's Claim for Negligent Misrepresentation.

Plaintiff is also unable to stave off summary judgment by recasting his claim into one

challenging an omission.  The Court was clear that the only claim from the Amended Complaint

that survived Defendants' motion to dismiss is Plaintiff's claim for negligent misrepresentation.

Specifically, the Court held that, "with all reasonable inferences drawn in plaintiff's favor, he has

stated a claim that State Street negligently *misrepresented* the quality and riskiness of its

conduits and investment portfolio assets in the October 15 statement."  Order at 25 (emphasis

added); *see also id.* at 23 (characterizing plaintiff's claim as one asserting that the "description of

the asset quality of the investment portfolio and conduit program 'remains high' was a

*misrepresentation*") (emphasis added).  The Court further held that all of Plaintiff's "remaining

claims"—including his Third Claim for Nondisclosure (Am. Compl. ¶¶ 84-90)—were dismissed.

Order at 26; *see also* Defendants' Br. in Support of Motion to Dismiss at 16-17 (showing the

---

[3]   A defined contribution plan is one in which an individual account is established for each participant.  *Bendaoud*, 578 F. Supp. 2d at 264.  The employee bears the risk of investment and is only entitled to the balance of his or her account.  *Id.*  In a defined benefit plan, an employee is promised a fixed benefit and there is one account for all participants' benefits.  *Id.*  It is only in the case of defined benefit plans that a participant can sue to recover a financial loss to the plan.  *Id.* at 264-65.

[4]   In addition, Plaintiff should not be able to seek refuge from the fact that this case is currently a putative class action because, where reliance is an element, a class cannot be certified.  *See, e.g., In re PolyMedica Corp. Sec. Litig.*, 432 F.3d 1, 6-7 (1st Cir. 2005) (explaining that the existence of individualized questions of reliance presents a bar to class certification); *In re Merck & Co., Inc. Sec. Derivative & ERISA Litig.*, MDL No. 1658 (SRC), 05-1151 (SRC), 05-2369 (SRC), 2009 WL 331426, at *5 (D.N.J. Feb. 10, 2009) (denying class certification in ERISA stock drop case based on an alleged misrepresentation in SEC filings since reliance is a required element).  And even if a class could be certified, Plaintiff could not serve as the class representative because he did not rely on the challenged statement.  *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("If none of the named plaintiffs purporting to represent a class [has standing] none may seek relief on behalf of himself or any member of the class."); *Gross v. Summa Four*, 93 F.3d 987, 993 (1st Cir. 1996) (named plaintiff "cannot maintain an action on behalf of class members to redress an injury for which he has no standing in his own right").

absence of an affirmative duty under ERISA to provide the information Plaintiff claimed that

Defendants should have provided).

Since Plaintiff has challenged an alleged misrepresentation, rather than an omission, his

citation to *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), does not save his

claim.  As Defendants explained in their opening brief, *Affiliated Ute* is not applicable because,

among other things, its holding is limited to cases about omissions.  *See* Opening Br. at 6-8.

Indeed, the Opposition admits as much insofar as it acknowledges that the Court's holding was

premised on the fact that (unlike here) the case "'involve[ed] primarily a claim for failure to

disclose.'"  Opp. at 4 (quoting *Affiliated Ute*, 406 U.S. 128, 152-53 (1972)).  The same is true of

*In re Tyco International Ltd.,* in which a court applied *Affiliated Ute* at class certification.  MD-

02-1335-PB, 2006 WL 2349338, at *6 (D.N.H. Aug. 15, 2006) ("Plaintiffs' case hinges on

defendants' alleged failure to disclose material information about the Tyco Stock Fund.").[5]

## III.   Plaintiff's Procedural Distractions Underscore the Weakness of His Argument.

Plaintiff's effort to distract the Court with phantom violations of procedural rules only

serves to highlight the weakness of his substantive position.  In the first place, Defendants'

motion is not "premature."  Opp. at 9.  The parties discussed this issue in the status reports they

submitted to the Court in advance of the April 29 scheduling conference.  *See* Docket No. 60 at

1-2 (Defendants' filing), and No. 61 at 2-3 (Plaintiff's filing).  At the conference, the Court

confirmed that Defendants were free to move for summary judgment at any time.

---

[5]   In addition, as multiple court have held, *Affiliated Ute*, which was a securities fraud case, does not apply to claims asserting the breach of an ERISA fiduciary duty.  *See, e.g., In re Merck*, 2009 WL 331426, at *5 (rejecting *Tyco* and the application of *Affiliated Ute* in an ERISA setting as "a big leap"); *Harris v. Amgen, Inc.*, No. 07-5442 PSG (PLAx), 2010 WL 744123, at *13 (C.D. Cal. Mar. 2, 2010) ("Contrary to Plaintiffs' argument, the element of detrimental reliance is not presumed" in ERISA misrepresentation claims.); *George v. Duke Energy Ret. Cash Balance Plan*, 259 F.R.D. 225, 240 (D.S.C. 2009) ("Plaintiffs' argument essentially amounts to a request that the detrimental reliance element be presumed for all class members, but have yet to present any authority to support that position.").

The argument that Defendants failed to meet and confer in advance of filing this motion

is equally contrived.  In addition to the discussions referenced above, the parties continued to

address this issue after the scheduling conference.  For instance, on May 24, 2010, Defendants'

counsel sent Plaintiff's counsel a six-page letter stating, among other things, that Defendants will

move for summary judgment on reliance unless Plaintiff withdraws his claim.  Ten days later,

Plaintiff's counsel responded by letter, and stated that Mr. Kenney would not withdraw his

claim.  On July 1, 2010, at 8:16 a.m., Defendants' counsel sent Plaintiff's counsel a follow-up

email, asking whether Plaintiff desired to further confer and requesting an immediate response.

*See* Levine Decl. ¶¶ 8-9.  Receiving no response, Defendants' counsel filed this motion at 5:27

p.m.  *See id.*; Exhibit A (ECF notice).

That was more than enough to satisfy Local Rule 7.1, which does not (as Plaintiff

implies) require parties to endlessly confer after they have reached an impasse.  *See, e.g., Abbott*

*v. Rabe*, No. 04-10777-NMG, 2005 WL 1000258, at *4 n.6 (D. Mass. Mar. 17, 2005) (discussion

among counsel prior to filing satisfies meet and confer requirement).[6]  When Defendants filed

their motion, there was no hope that Plaintiff might change his mind and withdraw his claim.

And for all of Plaintiff's complaints about Defendants' supposed non-compliance with this rule,

---

[6]    Even if more was required, it would not warrant the summary denial of Defendants' motion, especially since this motion is dispositive of Plaintiff's only claim:

> [T]he court finds it unnecessary to address at length Plaintiff's assertion that Defendants' motion should be denied because they failed to engage in a pre-motion conference under Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts.  Given the nature of the motion, the court believes that this failure to abide by the rule, if failure it was, was inconsequential and that mandating compliance would inappropriately delay addressing the underlying issues.  In any event, Plaintiff provides no authority for denying a motion to dismiss simply because of a movant's failure to comply with the procedural prerequisite.

*Nasuti v. Kimball*, No. 09-30183-MAP, 2010 WL 2639850, at *3 n.3 (D. Mass. Feb. 1, 2010), report and recommendation adopted in relevant part, 2010 WL 2639854 (D. Mass. Jun 29, 2010); *accord Walley v. Agri-Mark, Inc.*, No. 00-11393-RZW, 2003 WL 22244957, at *3 n.2 (D. Mass. Sept. 30, 2003) (even in case of complete non-compliance with meet and confer requirements, "omitting to confer prior to filing a motion certain to be opposed does not warrant so severe a sanction as summary denial").  The only case Plaintiff cites, *Jalbert v. Grautski*, No. 08-5369-RBK, 2009 U.S. Dist. LEXIS 11052 (D. Mass. Feb. 12, 2009), is unhelpful to him because it involved a motion filed after counsel sent an e-mail to which non-movant did not immediately respond.  Also, even then, the Court did not deny the motion on meet and confer grounds.

nothing in his Opposition even remotely suggests that Plaintiff would have withdrawn his claim if Defendants had only asked him once more.

Instead, Plaintiff argues that further conferral was necessary—not so he could reconsider his position—but so that he could file a motion for leave to file an amended complaint.  Opp. at 10-11.  This makes no sense.  The pending complaint—as narrowed by the Court—is the only basis upon which Plaintiff can even purport to pursue his expensive and futile discovery program.  The only reason Plaintiff has any claim at all is his false allegation of reliance.  Thus, it is efficient for the Court to consider this narrow and dispositive motion now, regardless of whether Plaintiff is ultimately allowed to amend his complaint.[7]

Moreover, this would not be a waste of anyone's time.  After the motion for summary judgment was filed, Plaintiff moved for leave to file a Second Amended Complaint claim that, among other things, challenges the very same statement that remains at issue in his operative complaint.  *See* Docket No. 92 ¶¶ 128-29 (proposed Second Amended Complaint).  And although Plaintiff seeks to advance additional misrepresentation claims based on other SEC filings, he has not alleged that he read those filings either.  *See id.* ¶¶ 103-31 (challenging series of statements as alleged misrepresentations).  Thus, a decision on this motion will resolve both Plaintiff's pending and proposed misrepresentation claims; and, in the likely event that Plaintiff is unable to rehabilitate the dismissed claims, the parties will not have incurred further expense on discovery concerning Plaintiff's negligent misrepresentation claim.

---

[7]  Defendants intend to oppose the amendment as futile, and briefing on Plaintiff's motion is in process.

## CONCLUSION

For these reasons and those in Defendants' opening brief, Defendants respectfully request that the Court enter judgment in their favor.

DEFENDANTS

By their attorneys,


  /s/ Timothy Perla
Jeffrey B. Rudman (BBO No. 433380)
William H. Paine (BBO No. 550506)
John J. Butts (BBO No. 643201)
Timothy Perla (BBO No. 660447)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts, 02109
(617) 526-6000
timothy.perla@wilmerhale.com

Dated: July 30, 2010


## CERTIFICATE OF SERVICE

I, Timothy J. Perla, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) dated July 30, 2010.


  /s/ Timothy Perla
Timothy J. Perla