UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THOMAS U. KENNEY, on Behalf of Himself and a Class of Persons Similarly Situated, | : : : : | |
| Plaintiff, | : : | 1:09-cv-10750 (DJC)(JGD) |
| v. | : : | |
| STATE STREET CORPORATION; NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION; ALISON QUIRK; PAMELA GORMLEY; ROSS MCLELLAN; DAVID O'LEARY; SKIP CURTRELL; JAYNE DONAHUE; DAVID GUTSCHENRITTER; JAMES MALERBA; STATE STREET CORPORATION INVESTMENT COMMITTEE; and JOHN DOES 1-10 | : : : : : : : : : : | |
| Defendants. | : : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO CONTINUE ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff Thomas U. Kenney ("Plaintiff"), by his attorneys, opposes Defendants' Motion to Continue Alternative Dispute Resolution. This action is now almost two years old but yet Defendants now move to continue the alternative dispute resolution, scheduled for May 6, 2011 that has been scheduled since January of this year. Defendants offer one basis for seeking the continuation. They state that the mediation should be continued because it remains unclear whether Plaintiff will be given leave to file any part of the Second Amended Complaint and thus the case is not ripe for mediation. Defendants lack clarity as to why the parties' lack of knowledge about what

the ruling will be on the pending Motion to Amend makes mediation not ripe. If what they are saying they oppose the mediation going forward at this time because there is a level of uncertainty about this case, there will still be much uncertainty about this case even if Magistrate Judge grants some or all of the pending motion. There will still be additional substantial discovery to conduct of defendants and numerous third parties, likely further motion practice, expert reports and deposition and the ultimate question of whether plaintiff will prevail at trial and if so, how large will the judgment be. If the Motion to Amend is denied, the case will be ripe for appeal and the host of uncertainties that entails. One of the things that make mediation most effective is because the parties are facing much uncertainty which motivates all sides to compromise. There is a big upside and big downside to both the Plaintiff and the Defendants and this uncertainty should be a useful tool for the Court at this time to get all sides to move towards a resolution. If the mediation goes forward, Plaintiff looks forward to negotiating in good faith in seeking a reasonable resolution to this action. Accordingly, Plaintiff requests that the Court deny Defendants' motion.

Dated: April 27, 2011

Respectfully Submitted:

**TODD & WELD LLP**
Kevin T. Peters (BBO #550522)
28 State Street
Boston, MA 02109
Telephone: (617) 720-2626
Facsimile: (617) 227-5777

**STULL, STULL & BRODY**

By: /s/ Mark Levine
Mark Levine
Patrick K. Slyne
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

**MAJOR KHAN, LLC**
1120 Avenue of the Americas
Suite 4100
New York, NY 10036
Tel: (646) 546-5664
Fax: (646) 546-5755

*Counsel for Plaintiff*

4

CERTIFICATE OF SERVICE

    I, Mark Levine, hereby certify that a copy of the foregoing document, filed through the ECF system on April 27, 2011, was sent electronically on that date to the registered participants as identified in the Notice of Electronic Filing.

Dated: April 27, 2011

                                                          /s/ Mark Levine_____