# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

| | X | |
|---|---|---|
| THOMAS U. KENNEY, on Behalf of | : | |
| Himself and a Class of Persons Similarly | : | |
| Situated, | : | |
| | : | 1:09-cv-10750 (DJC) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| STATE STREET CORPORATION; NORTH | : | |
| AMERICA REGIONAL BENEFITS | : | |
| COMMITTEE OF STATE STREET | : | |
| CORPORATION; ALISON QUIRK; | : | |
| PAMELA GORMLEY; ROSS MCLELLAN; | : | |
| DAVID O'LEARY; SKIP CURTRELL; | : | |
| JAYNE DONAHUE; DAVID | : | |
| GUTSCHENRITTER; JAMES MALERBA; | : | |
| STATE STREET CORPORATION | : | |
| INVESTMENT COMMITTEE; and JOHN | : | |
| DOES 1-10 | : | |
| | : | |
| Defendants. | : | |
| | X | |

---

## PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF MAY 18, 2011

Plaintiff Thomas U. Kenney ("Plaintiff"), by his attorneys, objects to the Report and Recommendation of Magistrate Judge Dein, dated May 18, 2011 ("Recommendation"), to the extent that Magistrate Judge Judith G. Dein recommends that plaintiff not be permitted to assert claims for negligent misrepresentation and for equitable relief. Plaintiff's objection is supported by the recent Supreme Court decision in CIGNA *Corp. v. Amara*, 179 L. Ed. 2d 843, 2011 U.S. LEXIS 3540 (May 16, 2011), which, as discussed below, confirms that Magistrate Judge Dein should have recommended that Plaintiff be permitted to file his proposed Second Amended Complaint containing claim(s) for equitable relief for negligent misrepresentation (Second Claim) and for material

omissions (Third Claim), at least with respect to the granting of equitable relief.

**The Report and Recommendation**

On May 18, 2011, after consideration of extensive briefing and oral argument, Magistrate Judge Dein issued a Recommendation with respect to a Motion to File a Second Amended Complaint filed by Plaintiff. Magistrate Judge Dein recommended that Plaintiff be permitted to file a Second Amended Complaint with respect to the claim for breach of ERISA's duty of prudence (First Claim) but that Plaintiff not be permitted to file a Second Amended Complaint with respect to his negligent misrepresentation claim (Second Claim), material non-disclosure claim (Third Claim), divided loyalty claim (Fourth Claim), mismanagement of plan assets claim (Fifth Claim) and failure to properly appoint, monitor and inform claim (Sixth Claim). Magistrate Judge Dein also recommended that Plaintiff not be permitted to demand a jury trial and not be permitted to make a claim for equitable relief. Plaintiff's objections to the Recommendation, as discussed more fully below, are limited to the claims for negligent misrepresentation (Second Claim), material non-disclosure (omissions) (Third Claim) and equitable relief.

**PLAINTIFF'S OBJECTIONS TO THE RECOMMENDATION**

**A.** **Plaintiff Should Be Permitted to Assert a Claim
for Equitable Relief in His Second Amended Complaint**

In recommending that Plaintiffs' claims under ERISA Section 502(a)(3) be stricken, Magistrate Judge Dein based her opinion on a narrow reading of *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), concluding that:

> [T]he Supreme Court limited claims for restitution under § 502(a)(3) to cases in which the plaintiff seeks "to restore to the plaintiff particular funds or property in the defendant's possession." 534 U.S. at 214, 122 S. Ct. at 714-15 (footnote omitted). Thus, as the Court explained, relief under § 502(a)(3) is only available where "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id. at 213, 122

2

S. Ct. at 714.  This is not what Kenney alleges in the instant case where the losses at issue occurred as a result of a plunge in the price of State Street stock.  Therefore, he cannot seek equitable relief under ERISA § 502(a)(3), and such claims should be stricken.

Plaintiff agrees that he does not seek to restore to himself or the other class members particular funds or property in the defendants' possession, but that should not end the inquiry. A district court in Connecticut, citing to *Great-West Life* and other cases, similarly noted that the Supreme Court had "issued several opinions . . . that have severely curtailed the kinds of relief that are available under § 502(a)(3)[.]" *Amara v. CIGNA Corp*., 559 F. Supp. 2d 192, 205 (D. Conn. 2008).

In vacating the district court's decision in *Amara* two days before the Recommendation was issued, the Supreme Court held that ERISA Section 502(a)(3) allows a plan participant "to obtain other appropriate equitable relief" (i.e. relief different from seeking to restore particular funds or property in the defendants' possession), and that the "relief ordered by the District Court [amending the plan; reform its records to reflect that all class members would receive appropriate benefits, and ordering the CIGNA to pay appropriate benefits to those class members who had already retired] resembles forms of traditional equitable relief . . . because equity chancellors developed a host of other 'distinctively equitable' remedies -- remedies that were 'fitted to the nature of the primary right' they were intended to protect." *CIGNA Corp. v. Amara*, 179 L. Ed. 2d at 856, 2011 U.S. LEXIS 3540 at **33.

The Supreme Court noted that, while improper under ERISA Section 502(a)(1)(B), "the District Court injunctions require the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed. But the fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief. Equity courts

possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." 179 L. Ed. 2d at 858, 2011 U.S. LEXIS 3540 at **36 (emphasis added). Thus, as confirmed by the Supreme Court ruling, the proposed Second Amended Complaint does not does not lack any allegations necessary to state a claim for equitable relief under ERISA. Accordingly, Plaintiff's objection should be sustained and Plaintiff should be permitted to assert a claim for equitable relief.

**B.     The Supreme Court's Ruling in *CIGNA* Confirms that Plaintiff Should Be Permitted to Assert Claims for Negligent Misrepresentation and Material Omissions**

Despite Plaintiff setting forth abundant authority as to why he should be able to pursue claims for negligent misrepresentation and omission of material facts, in her Recommendation, Magistrate Judge Dein cites Judge Saris's opinion in *Kenney II*, 754 F. Supp. 2d 288, 291-92 (D. Mass. 2010) (Recommendation at p. 39) for the proposition that Plaintiff need not allege actual reliance on a misrepresentation and rejects Plaintiff's claim that he is excused from alleging actual reliance with respect to an omission because reliance is presumed (Recommendation at 29-30, citing *Kenney II*, 754 F. Supp. at 292). Plaintiff respectfully objects to the Recommendation to the extent that it prevents him from seeking relief with respect to those claims because of the reliance issue.

Even if Plaintiff were not permitted to present his legal claims related to negligent misrepresentation or omissions because of the necessity to plead actual reliance (i.e. that the plaintiff actually read the statement and acted or refrained from acted as a result of that reading), his right to seek equitable relief under ERISA Section 502(a)(3) based on defendants' responsibility with respect to the misrepresentations or omissions alleged in the proposed Second Amended Complaint, is confirmed by the Supreme Court's decision in *CIGNA*. As the Supreme Court stated in *CIGNA*, "[l]ooking to the law of equity, there is no general principle that 'detrimental reliance' must be

4

proved before a remedy is decreed." *Id.* at 859.  The Supreme Court specifically recognized that while detrimental reliance would be necessary in enforcing an estoppel claim under ERISA Section 502(a)(3), "equity courts [did not] insist upon a showing of detrimental reliance in cases where they ordered 'surcharge.' Rather, they simply ordered a trust or beneficiary made whole following a trustee's breach of trust. In such instances equity courts would 'mold the relief to protect the rights of the beneficiary according to the situation involved.' Bogert § 861, at 4.  This flexible approach belies a strict requirement of 'detrimental reliance.'" The Supreme Court continued, "[t]o be sure, just as a court of equity would not surcharge a trustee for a nonexistent harm, 4 Scott & Ascher § 24.9, a fiduciary can be surcharged under § 502(a)(3) only upon a showing of actual harm -- proved (under the default rule for civil cases) by a preponderance of the evidence. That actual harm may sometimes consist of detrimental reliance, but it might also come from the loss of a right protected by ERISA or its trust-law antecedents."  Thus, even if Kenney cannot recover under ERISA Section 502(a)(2) (a legal claim for damages) due to a lack of sufficient allegations of reliance, he may plausibly still recover for such misrepresentations or omissions under ERISA Section 502(a)(3) if he can demonstrate that Defendants breached their fiduciary duties in that they are responsible as fiduciaries for the statements alleged in the proposed Second Amended Complaint to be materially false and/or materially misleading because they omitted material facts .  If Plaintiff can make such a demonstration then the Court is, under ERISA Section 502(a) (3), free to craft an equitable remedy that it deems appropriate under the circumstance.[1]

---

[1] In its Recommendation, the Court did not address the issue of whether, without regard to the issue of reliance, actionable misrepresentations or omissions were alleged.  Nor did it address the issue of whether Defendants had any duty to Plaintiff with respect to the statements that Plaintiff alleged to be materially false or misleading.

## CONCLUSION

It is respectfully requested that Plaintiff's objection be sustained with respect to the

Second Claim, Third Claim and with respect to a claim for equitable relief.

Dated:  June 1, 2011

Respectfully Submitted:

**TODD & WELD LLP**
Kevin T. Peters (BBO #550522)
28 State Street
Boston, MA 02109
Telephone: (617) 720-2626
Facsimile:  (617) 227-5777

**STULL, STULL & BRODY**

By:/s/ Mark Levine
Mark Levine
Patrick K. Slyne
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile:  (212) 490-2022

**MAJOR KHAN, LLC**
1120 Avenue of the Americas
Suite 4100
New York, NY 10036
Tel: (646) 546-5664
Fax: (646) 546-5755

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Mark Levine, hereby certify that a copy of the foregoing document, filed through the

ECF system on June 1, 2011, was sent electronically on that date to the registered participants as

identified in the Notice of Electronic Filing.

Dated: June 1, 2011

/s/ Mark Levine_____