# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THOMAS U. KENNEY, on Behalf of Himself and A Class of Persons Similarly Situated | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-10750-DJC |
| STATE STREET CORPORATION, et al. | ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| CASEY J. RICHARD, on Behalf of Himself and A Class of Persons Similarly Situated | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-10184-GAO |
| STATE STREET CORPORATION, et al. | ) ) ) | |
| Defendants. | ) ) ) | |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A SETTLEMENT CLASS, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

The terms of the settlement are set out in the Class Action Settlement Agreement ("Settlement Agreement") dated July 8, 2014 (the "Settlement"), executed by counsel on behalf of the Plaintiffs and the Defendants.[1]

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

The Court preliminarily considered the Settlement to determine, among other things, whether the terms appear sufficient to warrant the issuance of notice to members of the proposed Settlement Class. After reviewing the Settlement Agreement, it is hereby **ORDERED,** as follows:

1.      **Class Findings:** Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class" defined below, in that:

         (a)      The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(1), that the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

         (b)      The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(2), that there are one or more questions of fact and/or law common to the Settlement Class.

         (c)      The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(3), that the claims of the Plaintiffs are typical of the claims of the Settlement Class.

         (d)      The Court preliminarily finds, for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class, and (iii) the Plaintiffs and

the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

(e)      The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(b)(1), that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in these Actions or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)      The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(g), that Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are experienced in handling class actions and (iii) have committed the necessary resources to represent the Settlement Class.

2.    **Class Certification.** The Court, in conducting the settlement approval process required by Fed. R. Civ. P. 23, preliminarily certifies solely for purposes of settlement the following class under Fed. R. Civ. P. 23(b)(1) (the "Settlement Class"):

> All Persons who were participants in or beneficiaries of the Plan whose individual account in the Plan held, at any time during the period August 27, 2007 to October 21, 2009, any interest in the State Street Employee Stock Ownership Plan (the "ESOP"). Excluded from the Settlement Class are: (a) Defendants; (b) Immediate Family Members of the Individual Defendants; (c) any person or entity who is a partner, chief executive officer, executive vice president, director, or controlling person of the Company; and (d) the legal representatives, heirs, successors and assigns of any such excluded party.

The Court preliminarily appoints the Plaintiffs Casey J. Richard and Thomas U. Kenney as representatives for the Settlement Class, and preliminarily appoints Shapiro Haber & Urmy LLP and Stull, Stull & Brody as counsel for the Settlement Class. Any certification of a preliminary Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Defendants that (except for the purposes of the Settlement) these Actions or any other action is appropriate for class treatment under Fed. R. Civ. P. 23, or any similar federal or state class action statute or rule.

3. **Preliminary Findings Regarding Proposed *Settlement.*** The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations, (ii) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims, (iii) Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate, and (iv) the proposed Settlement appears sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

4. ***Fairness Hearing.*** A hearing is scheduled for October 27, 2014 at 3:00 p.m. (the "Fairness Hearing") to determine, among other things:

- Whether the Settlement merits final approval as fair, reasonable and adequate;

- Whether the Actions should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved; and

- Whether any application(s) for attorneys' fees and expenses (including Case Contribution Awards to the Plaintiffs) are fair and reasonable and should be approved.

5. **_Class Notice._** The Plaintiffs have presented to the Court a proposed Long-Form Notice (appended hereto as Exhibit A) and Publication Notice (appended hereto as Exhibit B).

6. The Court hereby approves, as to form and content, the Long-Form Notice and the Publication Notice.

7. The Court finds that such forms fairly and adequately: (a) describe the terms and effect of the Settlement and the Plan of Allocation, (b) notify the Settlement Class that Plaintiffs' Counsel will seek attorneys' fees and reimbursement of expenses from the Settlement Fund, (c) give notice to the Settlement Class of the time and place of the Fairness Hearing, and (d) describe how the recipients of the Long-Form Notice and Publication Notice may object to any of the relief requested. The Plaintiffs have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is (i) the best notice practicable under the circumstances, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to

notice and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, including the Class Action Fairness Act, and any other applicable law.

Accordingly, the Court directs that:

- Within fourteen (14) days after entry of this Order, State Street shall provide the Settlement Administrator, in an electronic format requested by the Settlement Administrator, the names and last known addresses of the Settlement Class members and State Street shall timely respond to any reasonable written requests for accessible data in State Street or the Plan trustee's/record-keeper's (past or present) custody or control necessary to effectuate notice and implement, enforce or determine the administration of the proposed Plan of Allocation. The data that the Settlement Administrator obtains pursuant to this Order shall be kept confidential and used solely for the purpose of providing notice of this Settlement and for no other purpose.

- Within twenty-eight (28) days after entry of this Order, the Settlement Administrator will (a) cause the Long-Form Notice, with such nonsubstantive modifications thereto as may be agreed upon by the Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified by reasonable effort, and (b) post the Long-Form Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, the Settlement Agreement and its Exhibits, and this Order on the settlement website, which shall be accessible to the public.

- Within twenty days after entry of this Order, the Settlement Administrator will cause the Publication Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be transmitted over *PR Newswire*.

8.    At or before the Fairness Hearing, Class Counsel shall file with the Court proof of timely compliance with the foregoing mailing and publication requirements.

9.    ***Notice Expenses.*** The expenses of printing and mailing and publishing all notices required hereby shall be paid from the Settlement Fund.

10.    **Objections to *Settlement.*** The Court will consider written comments and/or objections to the Settlement, to the Plan of Allocation and to the proposed award of attorneys' fees and expenses only if such written comments or objections: (i) are filed with the Court Clerk on or before fourteen (14) days prior to the Fairness Hearing, (ii) comply with the requirements of Paragraph 12 below, and (iii) are served on the Parties at the following addresses (service on the Parties may be effectuated by email, but filing with the Court must be done by hand, ECF filing or First Class mail):

For Filing with the *Court:*

> Clerk of Court
> U.S. District Court for the District of Massachusetts
> 1 Courthouse Way
> Boston, MA 02210
> Re: *In re State Street Corp. ERISA Litigation*, Civil Action Nos. 09-10750-DJC, 10-10184-GAO

To *Class Counsel:*

> **SHAPIRO HABER & URMY LLP**
> Thomas G. Shapiro
> Michelle H. Blauner
> Seaport East
> Two Seaport Lane
> Boston, MA 02210
> tshapiro@shulaw.com or mblauner@shulaw.com

**STULL, STULL & BRODY**
Mark Levine
Patrick Slyne
6 East 45th Street
New York, NY 10017
mlevine@ssbny.com
pkslyne@ssbny.com

To *Defendants' Counsel:*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
William H. Paine
WilmerHale LLP
60 State Street
Boston, MA 02109
william.paine@wilmerhale.com
john.butts@wilmerhale.com

11.    Any written comments and objections to the Settlement must include all of the following: (a) the name of the Actions; (b) the Settlement Class member's full name, address, telephone number, and signature; (c) a statement that the writer is a Settlement Class member and an explanation of the basis upon which the writer claims to be a Settlement Class member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; and (e) a statement as to whether the Settlement Class member or his or her counsel intends to personally appear and/or testify at the Fairness Hearing. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court. Class Counsel and Defendants' Counsel may, at their own expense, take discovery, including depositions, from anyone who files an objection with respect to any of the issues raised in the objection.

12. **Appearance at Fairness Hearing.** Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class member (and, if applicable, the name, address, and telephone number of that Settlement Class member's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk on or before fourteen (14) days prior to the Fairness Hearing. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class member or that Settlement Class member's counsel.

13. **Papers in Support of Settlement, Plan of Allocation, Attorneys' Fees and Expenses.** Class Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation, and Plaintiffs' Counsel's applications for attorneys' fees, expenses (including Case Contribution Awards) at least twenty-one (21) days before the deadline for Settlement Class members to file and serve objections to the Settlement. The Parties may submit papers in response to any timely-filed objections and/or to the report of the Independent Fiduciary at any time before the Fairness Hearing. Class Counsel shall make these submissions available to members of the Settlement Class through the website identified in the Long-Form Notice.

14.     **Service of Papers.** Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

15.     **Termination of Settlement.** This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of April 10, 2014 if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

16.     **Use of Order.** This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

18.    **Jurisdiction.** The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

19.    **Continuance of Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice to the Settlement Class.

SO ORDERED this ___21st___ day of ___July___, 2014.

_Judith Gail Dein_

United States Magistrate Judge

# EXHIBIT 1-A

QUESTIONS?  CALL ######## TOLL FREE, OR VISIT
[URL OF SETTLEMENT WEBSITE]
Do not call the Court or State Street with your questions.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS U. KENNEY, on Behalf of Himself and A Class of Persons Similarly Situated | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-10750-DJC |
| | ) | |
| STATE STREET CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

|  |  |  |
|---|---|---|
| CASEY J. RICHARD, on Behalf of Himself and A Class of Persons Similarly Situated | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-10184-GAO |
| | ) | |
| STATE STREET CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF CLASS ACTION SETTLEMENT

To all members of the following class:

> *All persons who were participants in or beneficiaries of the State Street Salary Savings Program (the "Plan") at any time between August 27, 2007 and October 21, 2009 (the "Class Period"), and whose accounts included investments in the Employee Stock Ownership Plan (the "Settlement Class").*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.
A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION.**

- If you are a member of the Settlement Class, your legal rights will be affected by a proposed settlement in class action lawsuits entitled *Kenney v. State Street Corp.*

2

**QUESTIONS? CALL ######### TOLL FREE, OR VISIT
[URL OF SETTLEMENT WEBSITE]
Do not call the Court or State Street with your questions.**

*et al.*, No. 09-10750-DJC, and *Richard v. State Street Corp. et al.*, No. 10-10184-GAO, in the United States District Court for the District of Massachusetts (the "Actions").

- The Settlement resolves class action lawsuits over whether State Street and other entities and certain individuals alleged to be current or former fiduciaries of the Plan breached their fiduciary duties in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") with respect to the Plan's investment of assets in the stock of State Street.

- The proposed Settlement will result in the creation of a $10 million settlement fund.

- The Court has scheduled a hearing on _____, 2014 to consider whether to approve the Settlement and certain other related matters. If approved, the Settlement would result in payments to qualifying members of the Settlement Class. *See* Question 11 below.

- This Notice is intended to provide information about how this lawsuit and the proposed Settlement may affect your rights and what steps you may take in that regard. This Notice does not express the Court's opinion on the merits of the claims or the defenses asserted in the lawsuit.

- If the Settlement is approved, your legal rights will be affected whether you act or not. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| DO NOTHING | You do not need to do anything in response to this Notice. If the Settlement is approved by the Court and you are a member of the Settlement Class, you will receive whatever payment you may be entitled to under the settlement without having to file a claim or take any other action. |
| FILE AN OBJECTION | If you want to submit comments or objections to any aspect of the Settlement, you may write to the Court and the parties' attorneys. *See* Question 16 below. |
| GO TO A HEARING | If you submit comments or objections to the Settlement to the Court, you and/or your attorney may appear at the hearing and ask to speak to the Court. *See* Question 19 below. |

- These rights and options **– and the deadlines you must comply with to exercise them** –are explained in detail in this Notice.

3

**QUESTIONS? CALL ######### TOLL FREE, OR VISIT [URL OF SETTLEMENT WEBSITE] Do not call the Court or State Street with your questions.**

- The Court will decide whether to approve the settlement. Payments to Settlement Class members will be made only if the Court approves the settlement and only after any appeals are resolved and calculations under the Plan of Allocation are completed. Please be patient.

## GENERAL INFORMATION

| 1. Why did I get this notice? |
| --- |

This Notice provides a summary of the Actions, the terms of a proposed Settlement of those lawsuits, and the ways in which that settlement will affect the legal rights of members of the Settlement Class.

You are receiving this Notice because State Street's records indicate that you are a potential member of the Settlement Class. This means that you or someone in your family is or was a participant in the State Street Salary Savings Program (the "Plan") whose account(s) included investments in the Employee Stock Ownership Plan (which invested in State Street stock) at any time between August 27, 2007 and October 21, 2009 (the "Class Period").

The Court directed that this Notice be sent to potential members of the Settlement Class because they have a right to know about the proposed Settlement of these lawsuits, and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any appeals are resolved, the net settlement proceeds will be distributed pursuant to a Court-approved "Plan of Allocation."

| 2. What are these lawsuits about? |
| --- |

These class action lawsuits are called *Kenney v. State Street Corp. et al.*, No. 09-10750-DJC and *Richard v. State Street Corp. et al.*, No. 10-10184-GAO (the "Actions"). They are pending in the United States District Court for the District of Massachusetts.

The plaintiffs are Thomas U. Kenney and Casey J. Richard. For purposes of the proposed settlement, they have been appointed to represent the Settlement Class.

State Street, the North American Regional Benefits Committee of State Street Corporation, Plans Investment Committee of State Street Corporation, and certain officers of State Street who were on those committees, are the Defendants.

The Actions claim that the Defendants were fiduciaries of the Plan and violated fiduciary duties of loyalty, care and prudence under ERISA that they owed to participants in the Plan regarding the Plan's investment of assets in the stock of State Street. In the complaints, Plaintiffs asserted causes of action for the losses they allege were suffered by the Plan as the result of the alleged breaches of fiduciary duty by the Defendants.

4

Participants in the Plan were able to allocate their account balances among various investment funds, one of which invested in State Street common stock (the Employee Stock Ownership Plan, or "ESOP"). This Action involves only investments in the ESOP.

The operative *Kenney* Complaint was filed on September 20, 2011, and the operative *Richard* Complaint was filed on June 28, 2010. The Defendants have denied breaching any fiduciary duty, violating any provision of ERISA, or committing any other wrongdoing.

On September 24, 2010, Defendants moved to dismiss the *Richard* complaint on the grounds that plaintiff failed to state a viable legal claim. The Court denied that motion on August 3, 2011. *See Hill v. State Street Corp. et al.*, No. 09-12146, 2011 WL 3420439 (D. Mass. Aug. 3, 2011). Defendants maintain that at all times it was prudent for Plan assets to be invested in State Street stock and that neither the Plan nor its participants were harmed by continuing to permit such investments.

The *Richard* and *Kenney* Actions were consolidated for discovery purposes, and consolidated discovery commenced in the fall of 2011.

On October 28, 2013, Plaintiffs moved for class certification pursuant to Federal Rule of Civil Procedure 23. These motions were pending when the parties commenced the negotiations that resulted in the Settlement.

Plaintiffs' Counsel have conducted an extensive investigation of the allegations in the Actions and of the losses suffered by the Plan. In addition, through that investigation and through discovery of information in the Action, Plaintiffs' Counsel have obtained and reviewed more than 20 million pages of documents from Defendants, including Plan governing documents and materials, communications with Plan participants, internal State Street documents regarding the Plan, SEC filings, press releases, public statements, news articles and other publications, and other documents regarding the underlying corporate issues that the Plaintiffs allege made investment of the Plan's assets in the ESOP imprudent.

The proposed Settlement is the product of hard-fought, lengthy negotiations between Class Counsel and the Defendants' counsel. Throughout the negotiations, Class Counsel and Defendants' Counsel were advised by individuals with expertise in the estimation of potential losses or damages in cases involving ERISA fiduciary liability.

State Street and the other Defendants deny the claims in the Actions and have vigorously defended the litigation. The Defendants have expressly denied any wrongdoing or liability of any kind. Plaintiffs do not concede in settling these Actions that their claims lack merit.

| 3. | Why are the Actions class actions? |
|---|---|

In a class action, one or more people called class representatives (in this case Plaintiffs Thomas U. Kenney and Casey J. Richard) sue on behalf of other people who have similar claims. All of the people who have similar claims make up a "class" and are referred to individually as "class members." Bringing a lawsuit as a class action allows the court to consider and resolve all at

once many similar individual claims that might be economically too small to bring individually. The Actions at issue here allege wrongful conduct that affects a large group of people in a similar way. Accordingly, the Plaintiffs filed these Actions as class actions.

| 4. | Why is there a Settlement? |
|---|---|

By agreeing to a settlement, both sides avoid the risks and costs of a trial, and the delay inherent in litigating a case through trial and appeals.

The Settlement Class will benefit from the creation of a $10 million settlement fund. *See* Question 9 below. The terms of the proposed settlement will be reviewed by the Court.

The Plaintiffs and their attorneys, who are referred to in this Notice as "Plaintiffs' Counsel," think the settlement is fair, reasonable, and adequate. They also believe that the significant monetary benefits of the proposed Settlement are a good result for the Settlement Class – especially given the disputed issues of law and fact, the likelihood that litigation would continue for many more years, and the possibility that Plaintiffs and the proposed class might recover nothing after all that.

| 5. | How do I know if I am affected by the Settlement? |
|---|---|

Any person who was a participant in or beneficiary of the State Street Salary Savings Program (the "Plan") at any time between August 27, 2007 and October 21, 2009 (the "Class Period") and whose accounts included investments in the Employee Stock Ownership Plan is a Settlement Class member and is affected by the Settlement.

| 6. | Are any Plan participants excluded from the Settlement Class? |
|---|---|

Yes. Excluded from the Settlement Class are Defendants and their spouses and children, any person who is a partner, chief executive officer, executive vice president, director, or controlling person of State Street, any entity in which a Defendant has a controlling interest, and their heirs, successors-in-interest, or assigns (in their capacities as such). Additionally, Plan participants who did not hold an investment in the ESOP at some time between August 27, 2007 and October 21, 2009 are not members of the Settlement Class.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are a member of the Settlement Class, you can consult with an attorney of your own choosing or you can call PHONE NUMBER or visit the website set up by the settlement administrator on *[url]* for more information. Please do not call the Court or State Street.

| 8. | Can I exclude myself from the Settlement Class? |
|---|---|

No. You will be bound by any judgments or orders that are entered in the Actions, whether favorable or unfavorable.

# THE SETTLEMENT BENEFITS

| | |
|---|---|
| **9.** | **What does the proposed Settlement provide?** |

As part of the proposed Settlement, Defendants have agreed to create a $10 million settlement fund. After payment of the costs associated with administering the settlement fund, associated taxes, any award to Plaintiffs' Counsel for attorneys' fees and expenses, and any awards to the Settlement Class Representatives for their contributions to the Actions, as decided by the Court, the balance of the Settlement Fund (the "Net Settlement Fund") will be distributed to qualifying Settlement Class members in accordance with a Court-approved "Plan of Allocation." The proposed Plan of Allocation is discussed in Question 11 below.

| | |
|---|---|
| **10.** | **How do I get a payment?** |

You do **not** need to file a claim or take any other action to receive a payment in connection with the proposed Settlement. All necessary calculations will be made using the Plan's records.

If you are a Settlement Class member who is a current Plan participant, your share will be deposited into your existing Plan account and allocated in accordance with your existing investment elections. You may reallocate the settlement payment if and as permitted by the Plan.

We will update the settlement website once we know what the deposit date will be. If you are a Settlement Class member who has liquidated your Plan account or if you liquidate your Plan account more than one week before the deposit date you will be considered a "Former Plan Participant," any share of the Net Settlement Fund you qualify for under the proposed Plan of Allocation (see Question 11 below) will be credited to a new Plan accountand will be subject to the Plan's distribution rules, including the provisions for automatic distribution of small amounts. If you are a Former Plan Participant and your address changes from the address to which this Notice was directed, you must notify the Settlement Administrator of your new address as soon as possible. Failure to keep the Settlement Administrator informed of your address may result in the loss of any monetary award you might be eligible to receive.

All payments to eligible Settlement Class members will be made as promptly as possible after all costs, taxes and other required disbursements are taken out of the Settlement Fund and the balance is transferred to the Plan to be deposited in existing Plan accounts or accounts created for Former Plan Participant. Please be patient.

If any of the following applies to you, please contact the Settlement Administrator as soon as possible: (1) your status as a current Plan participant has recently changed or may change in the near future; (2) your mailing address has recently changed or may change in the near future; or (3) you did not receive a mailed notice of the proposed Settlement but believe that you are a Settlement Class member. The Settlement Administrator can be contacted at: State Street ERISA Litigation Settlement, c/o ADDRESS.

| **11.** | **How much will my payment be?** |
| --- | --- |

Your share of the Net Settlement Fund will be calculated as part of the implementation of the Settlement pursuant to a Court-approved Plan of Allocation set forth below and available on *[URL]*. The amount of your payment, if any, will depend on the amount of your "Market Loss," as calculated pursuant to the Plan of Allocation, and how that amount compares to the Market Losses of the other qualifying Settlement Class members. Whether you have a Market Loss under the Plan of Allocation depends on when you held, bought and/or sold shares of the ESOP between August 27, 2007 and October 21, 2009. You are not responsible for calculating the amount you may be entitled to receive under the proposed Settlement. This calculation will be done by the Settlement Administrator as part of the implementation of the Settlement.

The summary below is not intended to be an estimate of the amount that a qualifying Settlement Class member might have been able to recover from Defendants after a trial of the Action. Given the factors above, and because the Court may require changes to the proposed Plan of Allocation before the Settlement is approved, it is also not intended to be an estimate of the amount that will be paid to qualifying Settlement Class members pursuant to the Settlement if the Settlement is approved by the Court.

### Summary of the Proposed Plan of Allocation

The formula summarized below is the proposed basis upon which the balance of the Settlement Fund (after payment of costs, taxes, attorneys' fees and expenses) (the Net Settlement Fund) will be proportionately allocated to qualifying Settlement Class members. Your payment, if any, will be that portion of the Net Settlement Fund that is equal to your proportionate share of the total Market Losses of all qualifying Settlement Class members (subject to certain limitations, also described below).

Your payment will be calculated as follows:

Each Settlement Class member's Market Loss will be equal to (a) the dollar value, if any, of his or her investment in the ESOP on the first day of the Class Period (August 27, 2007), plus (b) the dollar value, if any, of all of his or her investments in the ESOP during the Class Period, minus (c) the dollar value, if any, of all of his or her sales in the ESOP during the Class Period, minus (d) the dollar value, if any, of the balance in the ESOP at the close of trading on the last day of the class period (October 21, 2009). To the extent a Settlement Class member has a zero Market Loss, or a market gain, the Market Loss will be deemed to be $0.00.

The Settlement Administrator shall then determine each Settlement Class member's "Preliminary Recovery". The Preliminary Recovery of each Settlement Class member is a percentage of the Net Settlement Fund equal to the quotient of the Settlement Class member's Market Loss divided by the total Market Losses of all Settlement Class members (the "Plan Market Losses").

**QUESTIONS?  CALL ######### TOLL FREE, OR VISIT**
**[URL OF SETTLEMENT WEBSITE]**
**Do not call the Court or State Street with your questions.**

The Settlement Administrator shall then identify all Former Plan Participants whose Preliminary Recovery is $20 or less (the "*De Minimus* Amount").[2] Former Plan Participants are defined in Question 10 above.

The Settlement Administrator will then subtract the total of Market Losses of the Former Plan Participants whose Preliminary Recovery is a *De Minimus* amount from the Plan Market Losses to determine the Adjusted Plan Market Losses.

The Settlement Administrator will next determine each remaining Settlement Class member's Final Recovery. The Final Recovery will be a percentage of the Net Settlement Fund equal to the quotient of the remaining Settlement Class member's Market Loss divided by the Adjusted Plan Market Losses.

The foregoing is subject to applicable Plan provisions and procedures regarding inactive accounts, participants who cannot be located, deceased participants and Qualified Domestic Relations Orders. The Parties may agree to slight modifications based upon the availability of necessary data, but in any event the allocation of the Net Settlement Fund among qualifying Settlement Class members will be based on their proportionate share of the total Adjusted Plan Market Losses.

| 12. | When would I get my payment? |
| --- | --- |

The Court has scheduled a hearing on _____, 2014, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It also takes time to make all the required calculations. For these reasons, a payment date and payment amounts cannot be provided at this stage. Please be patient. Please provide the Settlement Administrator any change in your mailing address if you are or hereafter become a Former Plan Participant.

| 13. | What am I giving up in exchange for the settlement payment? |
| --- | --- |

Upon the "Effective Date" of the Settlement, all Settlement Class members will release and forever discharge, and be forever enjoined from prosecuting, any "Released Plaintiffs' Claims" (as defined below) against any of the "Released Parties" (as defined below).

"Released Plaintiffs' Claims" is defined in the proposed settlement agreement to mean any and all individual, representative and claims, causes of action and rights of recovery of every nature and description, whether known or unknown, direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local common, foreign or other law, rule or regulation, that Plaintiffs or any other member of the Settlement Class (i) asserted in the *Complaints* filed in the *Actions*, or (ii) could

---

[2]    Subject to Court approval, the parties may agree to modify the *De Minimus Amount* at any time before entry of the Final Order based on information they may receive from the Plan's record-keepers, the Trustee and/or the Settlement Administrator.

QUESTIONS?  CALL ######### TOLL FREE, OR VISIT
[URL OF SETTLEMENT WEBSITE]
Do not call the Court or State Street with your questions.

have asserted in any court or other forum based upon, relating to or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, actions, failures to act or omissions that were alleged, set forth, or referred to in the *Complaints* (including offering or retaining the ESOP or any investment option that invested primarily in State Street common stock, permitting or failing to prevent the purchase, sale, or holding of State Street stock by the ESOP or any other investment option that invested primarily in State Street stock, or the investment, acquisition, disposition or retention of any interest in the ESOP or any other investment option that invested primarily in State Street common stock); provided, however, that this release does not include any of the claims brought in *Hill v. State Street Corp.*, Docket No. 1:10-cv-12146-GAO (the "*Hill* Action"), in which the Settlement Class and/or the *Plan* may participate.

"Released Parties" is defined in the proposed settlement agreement to mean each of the *Defendants* and their past and present parents, subsidiaries, affiliates, officers, directors, trustees, employees, agents, servants, members, attorneys, accountants, advisors, record keepers, insurers, co-insurers and reinsurers, in their capacities as such and in their capacities as fiduciaries for any ERISA plan for State Street employees (including the Plan).

The *Defendants* are the State Street Corporation, State Street Bank and Trust Company, the Plans Investment Committee of State Street Corporation, the North American Regional Benefits Committee of State Street Corporation, and Alison Quirk, Pamela Gormley, Ross McLellan, David O'Leary, Charles "Skip" Cutrell, Jayne Donahue, David Gutschenritter, James Malerba, Stephen DeSalvo, Kathryn Horgan, Lee Jones, Jacques Longerstaey, Doreen Rigby, Anne Tangen, and Ronald E. Logue.

The "*Actions*" are the two lawsuits identified in the caption at the top of this notice.

The "*Complaints*" are all of the complaints in the Actions, which are available for review on the Settlement website on <URL>.

The "*Effective Date*" will occur when the order entered by the Court approving the settlement becomes final and not subject to appeal.

For more information, please see the Class Action Settlement Agreement dated _____, available on the settlement website on *[URL]*.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|-----|----------------------------------|

The Court appointed the law firms of Shapiro Haber & Urmy LLP and Stull, Stull & Brody to represent the Settlement Class. These lawyers are called Class Counsel. If you want to be represented by your own attorney, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|-----|-------------------------------|

The Court will determine the amount of any award to Plaintiffs' Counsel, to compensate them for their work on the Action and to reimburse them for associated expenses. Plaintiffs' Counsel intend to ask the Court to award them up to 33% of the settlement fund in attorneys' fees, plus reimbursement of expenses, plus interest. Any award by the Court will be paid out of the settlement fund. You are *not* responsible for paying Plaintiffs' Counsel.

The Court will also be asked to approve a case contribution award up to a maximum of $10,000 for each of the two named Plaintiffs, as compensation for their efforts assisting in the prosecution of this case

Copies of Plaintiffs' Counsel's applications for attorneys' fees, expenses, and Plaintiffs' awards will be available on the settlement website on [URL] at least one week before the objection deadline.

## OBJECTING TO THE SETTLEMENT

**You can tell the Court that you do not agree with the settlement or some part of it.**

| | |
|---|---|
| **16.** | **How do I tell the Court that I do not like the proposed Settlement?** |

If you are a Settlement Class member, you can tell the Court that you do not agree with the proposed Settlement or some part of it, including the proposed Plan of Allocation and/or the request for attorneys' fees and reimbursement of expenses including awards for Plaintiffs.

To object, you must send a letter or other writing stating that you object to the settlement in *Kenney v. State Street Corp. et al.*, No. 09-10750-DJC, and *Richard v. State Street Corp. et al.*, No. 10-10184-GAO. Be sure to include the following: (i) the name of the Actions; (ii) the case number; (iii) your full name, address, telephone number, and signature; (iv) a statement that you are a Settlement Class member; (v) all grounds for your objection, accompanied by any legal support known to you or your counsel; (vi) a statement as to whether you or your counsel intends to appear and would like to speak at the hearing; and (vii) a list of any persons you or your counsel may call to testify at the hearing in support of your objection. **Your objection must be submitted to the Court and sent to all the following counsel at the following addresses on or before _____, 2014:**

**TO THE COURT:**

Clerk of Court
U.S. District Court for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210
Re: *In re State Street Corp. ERISA Litigation*, Civil Action Nos. 09-10750-DJC, 10-10184-GAO

**TO CLASS COUNSEL:**

**QUESTIONS?  CALL ######### TOLL FREE, OR VISIT**
**[URL OF SETTLEMENT WEBSITE]**
**Do not call the Court or State Street with your questions.**

Thomas G. Shapiro
Shapiro Haber & Urmy LLP
Seaport East
Two Seaport Lane
Boston, MA 02110

Mark Levine
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

**TO DEFENDANTS' COUNSEL:**

William H. Paine
WilmerHale LLP
60 State Street
Boston, MA 02109

**YOU DO NOT NEED TO GO TO THE HEARING TO HAVE YOUR WRITTEN OBJECTION CONSIDERED BY THE COURT.** If you do file an objection with the Court, however, you may appear in person or arrange, at your expense, for a lawyer to represent you at the hearing in accordance with the instructions at Question 19 below. If you intend to appear at the hearing, or have an attorney appear on your behalf, please confirm with Class Counsel that the time and date of the hearing have not changed. If you do file an objection, you may be subject to discovery by the parties to the Actions on the issues related to your objection, including having your deposition taken.

## THE COURT'S FAIRNESS HEARING

| 17. | When and where will the court decide whether to approve the proposed Settlement? |
|-----|----------------------------------------------------------------------------------|

The Court will hold a hearing to decide whether to approve the proposed Settlement. This hearing is called a "Fairness Hearing." The Fairness Hearing is scheduled to take place at **TIME ON DATE 2014,** at the United States District Court for the District of Massachusetts, Courtroom _____ United States Courthouse, One Courthouse Way, Boston, MA 02210. At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable and adequate. The Court will also consider the proposed Plan of Allocation and the applications for attorneys' fees and expenses. The Court will take into consideration any written objections filed in accordance with the instructions at Question 16. The Court will also allow Settlement Class Member who has objected and timely filed a Notice of Appearance to speak at the Fairness Hearing. After the Fairness Hearing, the Court will decide whether to approve the settlement and whether to award any attorneys' fees, expenses and/or case contribution awards to Plaintiffs.

**QUESTIONS? CALL ######### TOLL FREE, OR VISIT**
**[URL OF SETTLEMENT WEBSITE]**
**Do not call the Court or State Street with your questions.**

The Court may change the date and time of the Fairness Hearing. If that happens, the Settlement Administrator will post the new date and time for the Fairness Hearing on the settlement website on [URL] and will notify any Settlement Class Members who have filed objections to the proposed settlement *as of that date*, but will not notify any other Settlement Class Members, including those who file objections after the Fairness Hearing is rescheduled. Accordingly, if you submit an objection to the Court and you or your counsel intends to attend the Fairness Hearing, please be sure to check the settlement website regularly to confirm the date and time.

| 18. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer any questions the Court may have about the proposed Settlement, the proposed Plan of Allocation and the applications for attorneys' fees, expenses and case contribution awards. You and/or your counsel are welcome to attend the Fairness Hearing at your own expense, but you do not have to, even if you filed an objection. The Court will consider every timely-filed objection even if the objectors are not present at the Fairness Hearing.

| 19. | May I speak at the hearing? |
|---|---|

If you are a Settlement Class Member and you file an objection to the proposed settlement or any of its terms before the deadline and in accordance with the instructions at Question 16, you and/or your counsel may ask the Court for permission to speak at the Fairness Hearing. To do so, you must state in your written objection that you intend to appear and would like to speak at the Fairness Hearing. See Question 16 above.

## IF YOU DO NOTHING

| 20. | What happens if I do nothing at all? |
|---|---|

You do not have to take any action in response to this Notice in order to participate in the Settlement. If the settlement is approved by the Court, you will receive any payment to which you are entitled under the Court-approved Plan of Allocation. See Questions 9 through 12 above.

## GETTING MORE INFORMATION

| 21. | Where can I get more details about the proposed settlement? |
|---|---|

This Notice summarizes the proposed Settlement. The actual terms and conditions of the proposed settlement are set forth in the Class Action Settlement Agreement dated _____ (the "Settlement Agreement"). You can get a copy of the Settlement Agreement, as well as the Court's Preliminary Approval Order, and Plaintiffs' Counsel's applications for attorneys' fees, expenses and case contribution awards (after they are filed) on [URL] or by writing to Class

**QUESTIONS? CALL ######### TOLL FREE, OR VISIT
[URL OF SETTLEMENT WEBSITE]
Do not call the Court or State Street with your questions.**

Counsel at the addresses above. All other papers that have been filed in the Actions may be inspected at the Office of the Clerk of the Court of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210, during regular business hours.

Dated: Boston, Massachusetts
_____, 2014

By Order of the Court<br>
CLERK OF THE COURT

**QUESTIONS? CALL ######### TOLL FREE, OR VISIT**
**[URL OF SETTLEMENT WEBSITE]**
**Do not call the Court or State Street with your questions.**

**EXHIBIT 1-B**

**Shapiro Haber & Urmy LLP and Stull, Stull & Brody announce a proposed $10 million cash settlement of an ERISA class action on behalf of certain participants in the State Street Salary Savings Program.**

NEW YORK - (PR Newswire) - __, 2014

In the United States District Court for the District of Massachusetts, in *Kenney v. State Street Corp. et al.*, No. 09-10750-DJC and *Richard v. State Street Corp. et al.*, No. 10-10184-GAO, a summary notice has been issued as follows:

*Summary Notice of Proposed Class Action Settlement*
*and Scheduling of Final Fairness Hearing*

      To:    *All Persons who were participants in or beneficiaries of the State Street Corporation Salary Savings Program (the "Plan") at any time between August 27, 2007 and October 21, 2009 and whose accounts included investments in the Employee Stock Ownership Plan.*

      IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT FUND. PLEASE READ CAREFULLY.

      **YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-referenced action has been preliminarily certified as a class action for purposes of a proposed $10 million cash settlement, subject to review and final approval by the Court. As part of the proposed settlement, class members who show a loss under the proposed Plan of Allocation may be entitled to a payment from the settlement. *You do not need to do anything to receive a payment under the settlement but your rights will be affected. The settlement includes a release of any claims related to the administration of the Plan, the selection of investment options under the Plan, and disclosures about the Employee Stock Ownership Plan and the Company's financial condition.*

      A hearing has been scheduled before the United States District Court, One Courthouse Way, Boston, MA 02210, at _:_ __.m, on _, 2014 to determine whether the proposed settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the proposed Plan of Allocation and Plaintiffs' Counsel's applications for attorneys' fees, expenses and case contribution awards.

      You cannot exclude yourself from the settlement. You can, however, file written comments or objections with the Court. You or your lawyer may also appear and request the opportunity to speak at the hearing at your own expense. To do so, *you must send your comments and objections to the Court and the parties' attorneys no later than _, 2014. Detailed instructions can be found on the Settlement Website on [URL]*, where you can also obtain a more detailed notice about the terms of the settlement, how the existence of a qualifying loss will be determined and how the payments will be calculated, along with the settlement agreement and related materials. Additional information and materials, including class counsel's application for

attorneys' fees and expenses, will be posted on the Settlement Website as they are filed with the Court. You may also write to State Street ERISA Litigation Settlement, [address of settlement administrator] to request copies of these materials.

All other inquiries may be made by writing to Class Counsel at:

Thomas G. Shapiro, Esq.
Michelle Blauner, Esq.
SHAPIRO HABER & URMY LLP
Seaport East
Two Seaport Lane
Boston, MA 02210
_____ @shulaw.com

or

Mark Levine, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017
mlevine@ssbny.com


Published by Order of the U.S. District Court for the District of Massachusetts.


CONTACT:   Shapiro Haber & Urmy LLP., (617) 439-3939
           Mark Levine, Esq., (212) 687-7230

3